116 T.C. No. 5


UNITED STATES TAX COURT


EUGENE M. LANDRY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18558-99L.                    Filed January 30, 2001.


     P's Federal income tax returns for 1989 through
1997 were filed consistently late.  Each return
reflected an overpayment, which P elected to apply to a
subsequent year's liability.  Held:  The Court has
jurisdiction because the underlying tax liability
relates to Federal income tax, regardless of whether a
deficiency was determined.  Held, further, overpayments
first claimed on returns filed more than 3 years late
are barred, and R may proceed with collection of
balances due as determined in a Notice of Determination
Concerning Collection Action(s).


Eugene M. Landry, pro se.

John D. Faucher, for respondent.

COHEN, <u>Judge</u>:  Respondent sent to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 with respect to petitioner's Federal income taxes for 1992 and 1996.  Petitioner contests the levy on the ground that the amounts in issue were paid by excess taxes withheld in earlier years.  Respondent declined to apply the excess withholding from years for which returns were filed more than 3 years late.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated by this reference.  Petitioner resided in Spring, Texas, at the time that he filed his petition.  Prior to and during the years in issue, petitioner was employed as a staff financial representative for Royal Dutch Shell Group.  He is educated as an accountant and prepared and filed his own tax returns.

For all years from 1989 through 1998, petitioner filed joint tax returns with his wife, Deborah B. Landry.  Petitioner's 1989 return was filed on April 15, 1993.  His returns for 1990, 1991, and 1992 were filed on or about April 15, 1997.  His returns for 1993, 1994, 1995, and 1996 were filed no earlier than June 1997.  Petitioner's return for 1997 was filed in April 1999.

When he filed his returns as set forth above, petitioner indicated that the overpayments claimed from withholding or carried over estimated tax from prior years should be applied to the estimated tax for the following year. The 1989 joint income tax return reported an overpayment of $2,329. Petitioner elected to apply this overpayment to his estimated income tax for 1990. The 1990 joint income tax return reported an overpayment of $3,074, including $2,329 carried over from 1989. Petitioner elected to apply this overpayment to his estimated income tax for 1991. The 1991 joint income tax return reported an overpayment of $3,568, including $3,074 carried over from 1990. Petitioner elected on his 1991 joint income tax return to apply this overpayment to his estimated income tax for 1992. The 1992 joint income tax return reported an overpayment of $544, including $3,568 carried over from 1991. Petitioner elected to apply this overpayment to his estimated income tax for the 1993 tax year. The 1993 joint income tax return reported an overpayment of $816, including $544 carried over from 1992. Petitioner elected to apply this overpayment to his estimated income tax for 1994. The 1994 joint income tax return reported an overpayment of $1,491, including $816 carried over from 1993. Petitioner elected to apply this overpayment to his estimated income tax for 1995. The 1995 joint income tax return reported an overpayment of $1,761, including $1,491 carried over from 1994. Petitioner elected to

apply this overpayment to his estimated income tax for 1996. The 1996 joint income tax return reported an overpayment of $94, including $1,761 carried over from 1995. Petitioner elected to apply this overpayment to his estimated income tax for the 1997 tax year. The 1997 joint income tax return reported an overpayment of $4,203, including $94 carried over from 1996 and payments of $15,000 in estimated taxes made during 1997. Petitioner elected to apply this overpayment to his estimated income tax for 1998.

Respondent applied the overpayments as directed by petitioner except in instances where the overpayments claimed by petitioner as credits could not be applied in full against petitioner's liability because part of the carried over amounts had been deemed paid more than 3 years before the return was filed claiming a credit for that amount.

OPINION

The petition in this case was filed in response to a notice of determination sent after a hearing under section 6330 was conducted. Petitioner raised at the hearing his contention that the taxes that were the subject of proposed collection activity had been paid. The record is unclear as to whether any deficiency was determined against petitioner by respondent. Nonetheless, because the underlying tax liability relates to Federal income taxes, over which we have jurisdiction, we hold

that we have jurisdiction in this proceeding.  See sec. 6330(d)(1).

The notice of determination set forth in detail the application of the various amounts paid by petitioner and those that were not credited to petitioner's account because of late filing of his returns.  No other issues have been raised.

Because the validity of the underlying tax liability, i.e., the amount unpaid after application of credits to which petitioner is entitled, is properly at issue, we review respondent's determination de novo.  See Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioner does not dispute that his returns for 1990, 1991, 1992, and 1993 were filed more than 3 years after they were due. He contends, however, that it is unjust for the Internal Revenue Service to fail to apply all of his overpayments to his outstanding tax liabilities because he consistently paid his taxes early by not claiming refunds of excess withholding until the time that he belatedly filed his returns.  Although he refers in his testimony to his mother's death in March 1992 and to his father's death in April 1993, he offers no bona fide excuse for his failure to file timely returns starting with the return for 1989 due in 1990.  It appears that sometime prior to April 15, 1990, he made a deliberate decision not to file his returns until "the three-year window of time" for claiming refunds or credits

was about to pass.  When that time came, however, family and employment obligations allegedly interfered with his plan.  In other words, he knowingly failed to comply with his annual obligation to file a tax return, and he now seeks relief because he has lost refunds or credits to which he otherwise was entitled.

We are not impressed with petitioner's "equitable" argument.  Even if we were, however, we are bound by the strict terms of the statutory provisions limiting refunds or credits for overpayments to those properly claimed within 3 years of the date paid.  See sec. 6511(b); United States v. Brockamp, 519 U.S. 347, 352-354 (1997).  Payments made by withholding from petitioner's wages are deemed paid on the 15th day of the 4th month following the close of the tax year.  See sec. 6513(b)(1).  To the extent that overpayments were designated as estimated tax payments for a subsequent year, they were deemed made on the last day for filing the return.  See sec. 6513(b)(2).  Application of the credits in dispute was clearly barred.

As a matter of law, petitioner is not entitled to credit for an amount paid or deemed paid more than 3 years before a return claiming a credit of that amount was filed.  Respondent correctly determined that collection efforts should proceed.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.