T.C. Memo. 2001-107

UNITED STATES TAX COURT

HARRY JAMES INMAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13390-99L.                    Filed May 4, 2001.

Harry James Inman, pro se.

Edwina L. Charlemagne, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, Judge:  Respondent sent to petitioner a Notice of
Determination Concerning Collection Action(s) Under Section 6320
and/or 6330 in which respondent determined that a levy on
petitioner's wages was appropriate to satisfy petitioner's
outstanding liabilities for Federal income taxes, additions to

tax, interest, and fees.  On August 31, 1999, those amounts were as follows:

| Year | Unpaid Income Tax | Unpaid Additions to Tax and Interest | | |
| --- | --- | --- | --- | --- |
| | | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Interest |
| 1985 | $2,308.83 | $1,153.80 | $1,282.00 | $14,998.10 |
| 1986 | 1,765.00 | 419.63 | 466.25 | 4,905.82 |
| 1987 | 1,019.00 | 229.28 | 254.75 | 2,334.63 |
| 1992 | 155.61 | 453.60 | 343.04 | 1,094.82 |
| 1994 | 1,714.00 | 385.65 | 428.50 | 997.72 |
| 1995 | 2,005.00 | --- | 501.25 | 664.67 |
| Total | 8,967.44 | 2,641.96 | 3,275.79 | 24,995.76 |

Respondent also assessed $18 for a lien fee for 1992.

We must decide the following issues:

1.  Whether petitioner is entitled to relief under section 6320.  We hold that he is not.

2.  Whether petitioner is liable for the amounts determined by respondent (including additions to tax and interest) for the years 1985, 1986, 1987, 1992, 1994, and 1995.  We hold that he is.

3.  Whether respondent may proceed with levy action.  We hold that respondent may.

Section references are to the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT[1]

Petitioner lived in Greensboro, North Carolina, when he filed the petition in this case. Petitioner is a civilian employee of the Defense Department at Camp Lejeune. He works full time as a pipe fitter for about $20 per hour.

Petitioner filed his income tax returns for 1985 on April 19, 1996, for 1986 on March 27, 1996, for 1987 on April 19, 1996, for 1992 on April 23, 1995, and for 1994 on March 14, 1996. He timely filed his 1995 tax return.

Respondent issued a notice of Federal tax lien on September 3, 1996, for 1985, 1986, 1987, 1992, 1994, and 1995, relating to income tax liabilities that petitioner reported on his return, less withholding credits and other payments, and including additions to tax for failure to timely file returns and pay tax, lien fees, and interest.

Respondent issued a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing, which petitioner received on February 17, 1999. See secs. 6330 and 6331. Petitioner filed a request for a hearing. In it, he stated that "every time I talk to someone I get a different set of figures", and that no

---

[1] Petitioner refused before and at trial to stipulate facts not fairly in dispute as required by Rule 91, including whether copies of income tax returns with his name and signature for 1985, 1986, 1987, 1992, 1994, and 1995 were his. Thus, the Court ordered that respondent's proposed factual stipulations were deemed established.

one had explained how he could owe the amounts sought by respondent. At that hearing, petitioner did not otherwise contest the underlying tax liability or accept any of the payment options proposed by respondent. Respondent determined that petitioner's wages should be levied in a notice of determination concerning collection actions under section 6330 sent on July 8, 1999. In response, petitioner filed the petition in this case.

OPINION

A.   The Notice of Lien

Petitioner contends that he is entitled to relief under section 6320 from the notice of lien. We disagree. Section 6320 was first effective January 19, 1999. See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401(d), 112 Stat. 685, 750. Thus, section 6320 does not apply to the notice of Federal tax lien issued on September 3, 1996.

B.   Underlying Tax Liability

Respondent did not send a notice of deficiency to petitioner for 1985, 1986, 1987, 1994, or 1995, but respondent did send a notice of deficiency for 1992. Respondent does not contend that petitioner may not raise issues relating to 1992 in this case, in part because it is not clear whether petitioner received that notice of deficiency. Thus, petitioner may challenge the

underlying liability for all of those years. See sec. 6330(c)(2)(B) (taxpayer may challenge amount of underlying tax liability if taxpayer did not receive notice of deficiency for period); Landry v. Commissioner, 116 T.C. 60, 62 (2001). However, petitioner has done so only in the most minimal way, alleging that he does not understand how he can owe so much, but without offering any credible evidence or challenging that he is liable for the amounts he reported late.

C.    The Levy Action

We have jurisdiction to review respondent's determination to proceed with the levy action on an abuse of discretion basis. See sec. 6330(d); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000); H. Conf. Rept. 105-599, at 266 (1998), 1998-3 C.B. 755, 1020. Petitioner contends that he cannot pay the taxes that are due, but he is willing to forgo income tax refunds to which he may be entitled for the current and future years. He testified that he had offered to pay respondent $50 per month, but he did not show why that amount would be appropriate. He offered no credible evidence showing that respondent's determination was an abuse of discretion. Thus, we conclude that petitioner is not entitled to relief.

Decision will be entered

for respondent.