T.C. Memo. 2001-272

UNITED STATES TAX COURT

TIMOTHY VINCENT TIPP, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 541-01L.                    Filed October 9, 2001.

Timothy Vincent Tipp, pro se.

<u>Rollin G. Thorley</u> and <u>Susan B. Watson</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before
the Court on respondent's Motion to Dismiss for Failure to State
a Claim Upon Which Relief Can be Granted.  As explained in detail
below, we shall grant respondent's motion.

Background

On August 19, 1992, petitioner filed a Federal income tax return for 1991 reporting a tax liability of $6,795. Respondent subsequently entered assessments against petitioner for 1991 reflecting the tax reported due, additions to tax for failing to pay estimated taxes and failing to pay the amount reported due, and interest. Respondent applied overpayment credits from 1994, 1996, 1997, and 1998 to petitioner's outstanding tax liability for 1991. In addition, petitioner made a number of payments against his tax liability for 1991 during the period 1993 to 1998.

On April 15, 1993, petitioner filed a Federal income tax return for 1992 reporting a tax liability of $658.

On May 2, 1995, respondent issued a notice of deficiency to petitioner determining a deficiency of $2,160 in his Federal income tax for 1992. Petitioner did not file a petition for redetermination with the Court challenging the notice of deficiency.

On October 12, 1999, respondent mailed to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing pursuant to section 6331.[1] The notice stated that petitioner owed taxes, penalties, and interest totaling $4,132.11 for the

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

taxable years 1991 and 1992, and that respondent was preparing to collect this amount by levy. The notice stated that petitioner had 30 days to request a collection due process hearing with respondent's Appeals Office.

On November 10, 1999, petitioner filed a request for a section 6330 hearing with respondent's Appeals Office. On November 20, 2000, the Appeals Office conducted a hearing in petitioner's case.

On December 12, 2000, respondent's Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the determination letter). The determination letter stated that the Appeals Office would proceed with collection with respect to the amount due for 1991, but that petitioner was not liable for any amount for 1992. Respondent's determination to abate the assessments entered against petitioner for 1992 produced a credit of $50 for that year which respondent applied to petitioner's outstanding tax liability for 1991.

On January 9, 2001, petitioner filed with the Court an imperfect Petition for Lien or Levy Action Under Section 6320(b) or 6330(d).[2] On March 26, 2001, petitioner filed an amended petition which included nothing but frivolous and groundless

_____

[2] At the time the petition was filed, petitioner resided in Las Vegas, Nevada.

allegations that petitioner is not liable for taxes under the Uniform Commercial Code. In response, respondent filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted.

This matter was called for hearing at the Court's motions session held in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument in support of respondent's motion. No appearance was made by or on behalf of petitioner at the hearing.

Following the hearing, respondent filed a supplement to his motion to dismiss asserting that the collection review procedures set forth in sections 6320 and 6330 are limited to lien and levy actions and do not preclude respondent from applying an available credit to a taxpayer's outstanding tax liability. Petitioner filed an affidavit which stated that petitioner denied the existence of various entities including the United States of America, the United States Tax Court, and the Internal Revenue Service.

Discussion

In the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide protections for taxpayers in tax collection matters. Section 6330 generally provides that the

Commissioner cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing), and, if dissatisfied, with judicial review of the administrative determination in either the Tax Court or Federal District Court.

Section 6330(c)(2)(B) provides that neither the existence nor the amount of the underlying tax liability can be contested at an Appeals Office hearing unless the taxpayer did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute such tax liability. Section 6330(d)(1)(A) provides that a taxpayer may file a petition for review of the Commissioner's administrative determination with the Tax Court.

In Goza v. Commissioner, 114 T.C. 176 (2000), we explained that section 6330(c) provides for an Appeals Office hearing to address collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. The taxpayer in Goza v. Commissioner, supra, had received a notice of deficiency, yet failed to file a petition for redetermination with the Court. When the taxpayer subsequently attempted to use the Court's collection review procedure as a forum to assert frivolous and groundless constitutional arguments against the Federal income

tax, the Court dismissed the petition for failure to state a claim upon which relief can be granted.

In the instant case, the record indicates that, following an Appeals Office hearing, respondent determined that he would proceed with collection against petitioner as to taxes due for 1991, and he would abate the assessments entered against petitioner for 1992.  Respondent asserts that the assessment for 1991 is based on the return as filed and that the tax, penalty, and interest due for 1991 is the balance after application of a credit applied from 1992 to 1991.  Petitioner does not dispute this assertion.  Respondent did not issue a notice of deficiency to petitioner for 1991, a circumstance which normally would permit petitioner to challenge his underlying tax liability for 1991 in this collection review proceeding.[3]  As was the case in Goza v. Commissioner, supra, petitioner failed to raise a spousal defense or challenge respondent's proposed levy by offering a less intrusive means for collecting the taxes in either the Appeals Office hearing or in his petition for review filed with the Court.  Sec. 6330(c)(2)(A).  Moreover, as indicated, the

_____

[3]  Petitioner failed to assert a valid claim for relief. See Landry v. Commissioner, 116 T.C. 60 (2001), holding that the Court had jurisdiction in a collection review proceeding, regardless of whether a deficiency was determined, where the underlying liability related to Federal income tax.  Given the nature of petitioner's frivolous claims, we conclude that petitioner failed to assert a valid claim for relief as to the underlying liability.

amended petition contains nothing but frivolous and groundless arguments relating to the Uniform Commercial Code.  Petitioner is deemed to have conceded all issues not raised.  Rule 331(b)(4).  Under the circumstances, we conclude that the petition fails to state a claim for relief, and we shall grant respondent's motion to dismiss, as supplemented.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.