T.C. Memo. 2002-188

UNITED STATES TAX COURT

PAUL V. & DOROTHY S. KAZUNAS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10686-01L.                    Filed August 5, 2002.

Paul V. and Dorothy S. Kazunas, pro sese.

<u>Russell K. Stewart</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  Respondent sent to petitioners a Notice of
Determination Concerning Collection Action(s) Under Section 6320
and/or 6330 after conducting a hearing under section 6330.  The
hearing was conducted at petitioners' request in response to a
Notice of Federal Tax Lien Filing and Your Right to a Hearing
Under I.R.C. 6320 for 1990, 1991, 1992, and 1996.  Petitioners

contend that they did not receive refunds to which they were entitled for 1984, 1987, and 1995 and that the amounts not refunded should be applied to their outstanding liabilities. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Marlton, New Jersey, at the time that they filed their petition.

On March 22, 2001, the Internal Revenue Service sent to petitioners a notice of filing of a notice of tax lien with respect to income tax owing for 1990, 1991, 1992, and 1996. The total taxes that were the subject of the lien approximated $17,115. Petitioners requested a hearing under section 6330. At the hearing, petitioners contended that they had not received refunds totaling approximately $14,000 for 1984, 1987, and 1995. At the hearing, petitioners were presented with transcripts of their accounts for 1984, 1987, 1990, 1991, 1992, 1995, and 1996.

Subsequent to the hearing, canceled checks that were endorsed by petitioners were located. The checks reflected refunds of $7,611.83 for 1984 and $1,003.38 for 1995. Although the transcript of petitioners' account for 1987 reflected a

refund of $5,616.86 paid October 23, 1989, a copy of the canceled check could not be retrieved due to the age of the item.

At the hearing, petitioners were given the opportunity to submit an offer in compromise, but they declined to complete a statement of the information needed for such an offer. Petitioners acknowledged that, if completed, the collection information statement would establish that they would not qualify for an offer in compromise because they have sufficient assets, including equity in their home, to pay the disputed liability in full.

At the hearing, petitioners offered to pay a sum that was either $1,249 (according to the notice of determination) or $1,429 (according to the Stipulation of Facts). The Appeals officer determined that the offer of payment was unacceptable.

### Discussion

Petitioners do not dispute amounts due and owing for 1990, 1991, 1992, and 1996, the years reflected in the notice of Federal tax lien. They claim, however, that they are entitled to credit for an overpayment for 1987 for which they never received a refund. In this regard, we review respondent's determination de novo. Landry v. Commissioner, 116 T.C. 60, 62 (2001).

Petitioners acknowledged that the transcript of their account for 1987 reflects a refund check issued, but Mr. Kazunas testified that he did not recall receiving the check.

Petitioners originally denied, however, that they received refunds for two other years and acknowledged those refunds only after being presented with copies of the canceled checks endorsed by them. In addition, Mr. Kazunas acknowledged that he made no inquiries pursuing a tax refund in excess of $5,600 for 1987 until he saw the transcript of petitioners' account for 1987. We conclude that petitioners' recollection is unreliable as evidence that the refund was not received.

There is no evidence that the amounts assessed are erroneous. Petitioners' offer to pay less than 10 percent of the amount due, absent their qualifying for an offer in compromise, was unacceptable. Respondent's notice of determination was not erroneous.

At trial, petitioners raised issues that were not raised at the Appeals hearing. No special circumstance here justifies our consideration of issues not raised at the hearing. See Magana v. Commissioner, 118 T.C. 488 (2002).

To reflect the foregoing,

Decision will be entered for respondent.