T.C. Memo. 2002-233

UNITED STATES TAX COURT

SAMUEL S. LEE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2635-01L.                    Filed September 18, 2002.

Samuel S. Lee, pro se.

Thomas R. MacKinson, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:    Petitioner petitioned the Court under section 6330(d) to review respondent's determination as to a proposed levy to collect Federal income taxes for 1991 and 1992.[1]  We

_____

[1] Section references are to applicable versions of the Internal Revenue Code.

decide herein whether respondent may proceed with the proposed levy. We hold he may.

### FINDINGS OF FACT

Most facts were stipulated. We incorporate by this reference the parties' stipulation of facts and the accompanying exhibits. We find those facts accordingly. Petitioner resided in California when the petition commencing this proceeding was filed.

Petitioner failed to file timely 1991 and 1992 Federal income tax returns. Respondent prepared substitute returns for those years and on July 22, 1996, assessed tax, additions to tax, and interest. On May 16, 1997, petitioner and his wife filed joint 1991 and 1992 Federal income tax returns. Contemporaneously therewith, they also filed a joint 1990 Federal income tax return claiming a refund of $11,646 for Federal income tax withheld by one or more employers.[2] Respondent accepted all three returns and abated the prior assessments for 1991 and 1992.

---

[2] On June 30, 1997, the Commissioner mailed a letter to petitioner and his wife requesting documentation such as a 1990 Form W-2, Wage and Tax Statement, or a copy of an earnings statement with year-to-date totals that would support their claim that they had Federal income taxes withheld for 1990. On May 5, 1998, the Commissioner delivered to petitioner and his wife a similar request for that documentation. The Commissioner never received that documentation from either petitioner or his wife. On July 12, 1999, the Commissioner acknowledged that petitioner and his wife had overpaid their 1990 tax by $3,032.80, and credited that amount to their 1991 tax. (The record does not indicate the source of the $3,032.80.) Petitioner continues to claim in this proceeding that his 1990 overpayment was $11,646.

On April 24, 1998, respondent mailed to petitioner notices of deficiency for 1991 and 1992. The deficiencies were attributable to respondent's determination that petitioner owed self-employment tax on the income reported on his returns. As to 1991, the notice determined that petitioner was liable for a $5,840 deficiency in income tax and a $1,460 addition to tax under section 6651(a)(1). As to 1992, the notice determined that petitioner was liable for a $2,609 deficiency in income tax and a $652.25 addition to tax under section 6651(a)(1). Petitioner received both notices of deficiency, but he did not petition the Court in response to either notice.

On February 18, 1999, respondent issued to petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing for taxable years 1991 and 1992. On or about March 8, 1999, petitioner requested such a hearing, and the hearing was held on September 25, 2000. During the hearing, the Appeals officer concluded that petitioner had "reasonable cause" for failing to file timely his 1991 and 1992 returns and agreed to abate the related additions to tax under section 6651(a)(1). Petitioner also argued during the hearing that his liability for 1991 and 1992 should be offset by the refund claimed on his 1990 return. The Appeals officer refused to consider this argument.

On February 2, 2001, respondent issued a notice of determination to petitioner for 1991 and 1992, which abated the

additions to tax and sustained the proposed levy to collect the remainder of liability.

OPINION

In a proceeding commenced under section 6330(d), the Court applies a de novo standard to redetermine a taxpayer's underlying tax liability, when and if at issue, and an abuse of discretion standard to review certain other administrative determinations of the Commissioner. Sego v. Commissioner, 114 T.C. 604, 610 (2000). Section 6330(c)(2)(B) provides that a taxpayer's underlying tax liability may only be at issue if he or she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."

Here, petitioner received notices of deficiency for 1991 and 1992 and had opportunity to dispute his liability for those years. His underlying tax liability is therefore not in issue. Petitioner's sole argument in this proceeding concerns his right to offset his tax and interest liability for those years with his claimed refund for 1990. By way of an Order dated July 24, 2002, we dismissed petitioner's allegations with respect to 1990 as the credit or refund of any Federal income tax withheld by his or his wife's employer for 1990 would be time barred. Under section 6511(b)(2)(A), as applicable herein, petitioner's credit or refund of tax paid for 1990 is limited to the portion of that tax

paid within the 3-year period immediately preceding the filing of his 1990 Federal income tax return. Under section 6513(b)(1), any Federal income taxes withheld by petitioner or his wife's employer for 1990 are considered paid to the Commissioner by petitioner or his wife on April 15, 1991. See also Landry v. Commissioner, 116 T.C. 60 (2001). Given that petitioner advances no other allegation of error as to respondent's determination, and that the record does not otherwise disprove the determination, we sustain respondent's determination that he may proceed with the proposed levy.

Decision will be entered for respondent.