T.C. Memo. 2002-307

UNITED STATES TAX COURT

CAROL A. BLACK AND WILLIAM R. ADAMS, JR., Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6443-01L.                    Filed December 17, 2002.

Carol A. Black and William R. Adams, Jr., pro sese.

<u>Jack T. Anagnostis</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  The petition in this case was filed in
response to a Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330.  The issues for
decision are whether the Appeals officer conducting the hearing
abused his discretion in refusing to accept petitioners' proposal
for an installment agreement and whether petitioners are liable

for additions to tax under section 6651(a) that had been assessed as a result of petitioners' late-filed returns. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

## FINDINGS OF FACT

Petitioners were both lawyers who resided in Philadelphia, Pennsylvania, when they filed the petition in this case. Petitioner William R. Adams, Jr. (Adams), operated his own law firm from 1982. For 1991 through 1994, Adams incurred tax liabilities of $163,583.49, including additions to tax for late filing, late payment, and failure to pay estimated tax. These liabilities were paid in September 1996.

Adams kept his own business records and entered information from them into a computer software program to generate printouts that he provided to his accountant to prepare tax returns. Adams kept the records at his place of business.

Petitioners filed joint Federal income tax returns, Forms 1040, U.S. Individual Income Tax Return, for 1995, 1996, and 1997 between 2 and 12 months after extended filing dates. Petitioners did not fully pay the tax shown as due on the returns filed for 1995, 1996, and 1997. On Schedules C, Profit or Loss From Business, for Adams's law practice, attached to the Forms 1040, petitioners reported gross receipts of $435,206 for 1995, $345,550 for 1996, and $416,364 for 1997.

Respondent assessed the tax liabilities shown on petitioners' Forms 1040 for 1995, 1996, and 1997 and assessed additions to tax under section 6651(a)(1) for late filing, section 6651(a)(2) for failure to pay tax, and section 6654(a) for failure to make estimated tax payments for each year. As of June 9, 1999, petitioners still owed tax for each year. On that date, respondent sent to petitioners a notice of intent to levy that advised petitioners of their right to a hearing under section 6330. Petitioners requested the hearing.

At the hearing conducted by an Appeals officer, petitioners requested that they be permitted to enter into an installment agreement as an alternative to collection by levy. Petitioners also requested abatement of the additions to tax based on Adams's illness from diabetes during the years in which the returns were due. To determine whether petitioners were financially able to make monthly payments under the installment agreement to pay fully their outstanding tax liabilities, the Appeals officer requested, and petitioners provided, Form 433-A, Collection Information Statement for Individuals, dated March 1, 2000. According to petitioners' statement, their monthly expenses exceeded their total income. To support their request for abatement of penalties, petitioners submitted the medical file of Adams concerning his diabetes that petitioners claimed disabled him from October 1996 through March 20, 2000.

On April 25, 2001, the Appeals officer sent a notice of determination to petitioners. The notice determined that petitioners had not provided a financial statement showing that they could make monthly payments to support their request for an installment agreement. Accordingly, the Appeals officer determined that the proposed levy was appropriate. The notice of determination did not mention the requested abatement of additions to tax. The Appeals officer did, however, consider petitioners' request for abatement of the additions to tax and declined to abate the amounts because he saw no link between the medical condition and either the late filings or the failure to pay the tax shown on the returns.

OPINION

Petitioners requested and received a hearing conducted under section 6330. Section 6330(c)(2) provides:

> (2) Issues at hearing.--
>
> (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
>
> (i) appropriate spousal defenses;
>
> (ii) challenges to the appropriateness of collection actions; and
>
> (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
>
> (B) Underlying liability.--The person may also raise at the hearing challenges to the

> existence or amount of the underlying tax
> liability for any tax period if the person did not
> receive any statutory notice of deficiency for
> such tax liability or did not otherwise have an
> opportunity to dispute such tax liability.

With respect to petitioners' proposed installment agreement, we review the settlement officer's determination for abuse of discretion. Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Nicklaus v. Commissioner, 117 T.C. 117, 120 (2001). To the extent that petitioners' underlying liability is an issue, we review the Appeals officer's determination de novo. Landry v. Commissioner, 116 T.C. 60, 62 (2001).

Petitioners presented neither evidence nor argument that would persuade us that an installment agreement was an appropriate alternative to enforced collection. A fortiori, they have not presented any evidence or persuasive argument that the settlement officer abused his discretion in refusing to accept an installment agreement. Compare Schulman v. Commissioner, T.C. Memo. 2002-129, in which we considered in detail the financial information submitted to the settlement officer and concluded that there was no abuse of discretion when the settlement officer declined an installment agreement sought by the taxpayers.

Petitioners presented extensive testimony concerning Adams's physical limitations due to diabetes. Petitioners' delinquencies, however, continued over a period of years that cannot be excused by reference to Adams's illness. Petitioners'

accountant testified that he advised Adams that one of the options to assure that his returns were properly prepared and timely filed was to pay a bookkeeper to put the information in a form that would allow the accountant to prepare the return. Adams testified that he did not want to incur the additional expense to hire and employ a bookkeeper. The accountant and Adams made a deliberate choice to file the returns late and then to seek to abate the penalties that they knew would result from late filing.

Petitioners argue that illness of a taxpayer may constitute reasonable cause for late-filed returns and late payment of tax. We are unpersuaded that illness is the cause of petitioners' continuing delinquency. Petitioners cite no case where the taxpayers' delinquency continued over a period of years while the taxpayers failed to take steps necessary, and readily taken, to cause their tax returns to be filed on time. Petitioners are educated, intelligent, and able to sustain a business that produced substantial income. Their failure to comply with their annual duty to file tax returns is unexcused. There is no basis for concluding that they are not liable for the statutory additions to tax that follow those delinquencies.

Decision will be entered

for respondent.