T.C. Memo. 2007-233

UNITED STATES TAX COURT

DON MAHONEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15324-05L.                 Filed August 16, 2007.

<u>William D. Hartsock</u>, for petitioner.

<u>Karen Nicholson Sommers</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioner

seeks review of respondent's determination to proceed with

collection of his unpaid 1994, 1995, 1996, 1998, and 1999 income

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

tax liabilities. The sole issue for decision is whether respondent may proceed with collection of the above-mentioned unpaid income tax liabilities.

## Background

The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in California.

Petitioner's Chapter 7 Bankruptcy Case

On September 30, 1993, petitioner and his wife filed a petition under chapter 13 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of California (1993 bankruptcy case). On March 18, 1998, petitioner's 1993 bankruptcy case was converted to a chapter 7 case. On July 12, 1998, the Bankruptcy Court entered a discharge order in petitioner's 1993 bankruptcy case.

Petitioner's 1994, 1995, and 1996 Income Tax Returns

On February 15, 1998, petitioner and his wife filed delinquent joint income tax returns for 1994, 1995, and 1996, reporting $5,908.36, $7,416, and $2,171 of tax due, respectively. Petitioner and his wife did not make any payments with the returns, and the returns did not claim any prepayment credits.[2]

---

[2] Petitioner and his wife claimed, and respondent allowed, an earned income credit of $1,726 for 1996.

During March 1998, respondent assessed the taxes reported on, and the interest and additions to tax related to, the 1994, 1995, and 1996 returns.

Petitioner's 1998 Income Tax Return

Petitioner and his wife timely filed a joint income tax return for 1998, reporting tax due of $14,768 and withholding credits of $1,764. Petitioner and his wife did not make any payment with the return. On May 31, 1999, respondent assessed the tax reported on, and the interest and additions to tax related to, the 1998 return.

Petitioner's 1999 Income Tax Return

On February 25, 2001, petitioner and his wife filed a delinquent joint income tax return for 1999, reporting $16,965 of tax due and withholding credits of $3,032.[3] On March 26, 2001, respondent assessed the tax reported on, and the interest and penalties related to, the 1999 return.

Petitioner's Subsequent Payments

Beginning on June 4, 1999, and ending on May 4, 2001, petitioner and his wife paid $750 per month toward their outstanding income tax liabilities. Respondent applied $6,000 of those payments to petitioner's outstanding 1985 liability,

---

[3] On Apr. 15, 2000, petitioner and his wife filed a request for an extension of time to file, which respondent granted. A payment of $3,500 accompanied that request.

$10,500 toward petitioner's then-outstanding 1997 liability, and $750 toward petitioner's 1998 liability.

Petitioner's Section 6330 Hearing

On January 12, 2004, respondent issued to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to petitioner's unpaid income tax liabilities for 1994, 1995, 1996, 1998, and 1999 (the years at issue). On February 10, 2004, petitioner sent to respondent a Form 12153, Request for a Collection Due Process Hearing. In the Form 12153, petitioner stated that he "does not agree with the notice of intent to levy in this case for the simple reason that the taxpayer does not owe the tax stated in the notice."

Petitioner's section 6330 hearing was assigned to Settlement Officer Greg Clark (Settlement Officer Clark). Petitioner's section 6330 hearing consisted of telephone calls and correspondence between Settlement Officer Clark and petitioner's representative and attorney herein, William D. Hartsock.

Petitioner raised three issues during the section 6330 hearing. First, petitioner argued that respondent erroneously applied payments petitioner made pursuant to an alleged installment agreement to petitioner's 1985 tax liability because the alleged installment agreement required that respondent apply petitioner's payments to the years at issue. Second, petitioner claimed that respondent should have applied alleged overpayments

from year(s) prior to 1994,[4] which petitioner contended resulted from a discharge of these liabilities in a separate bankruptcy case (i.e., a case other than petitioner's 1993 bankruptcy case), to reduce petitioner's liabilities for the years in issue. Third, petitioner expressed his intent to submit an offer-in-compromise with regard to his outstanding tax liabilities for the years in issue; however, he did not submit an offer-in-compromise as part of his section 6330 hearing.

On July 13, 2005, after reviewing the correspondence and documents that petitioner submitted, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. Settlement Officer Clark determined respondent did not erroneously apply installment agreement payments to petitioner's outstanding 1985 tax liability because, among other reasons, respondent was not required by an installment agreement, or otherwise, to apply petitioner's payments solely to his outstanding liabilities for the years in issue. Furthermore, Settlement Officer Clark was unable to find any record of a separate bankruptcy case (i.e., a case other than petitioner's 1993 bankruptcy case).

---

[4] At various times during his sec. 6330 hearing, petitioner identified the prior year(s) as (1) 1985 through 1988, (2) 1987 through 1988, or (3) 1984 (on brief, however, petitioner referred only to 1984).

## Discussion

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to do so within 10 days after notice and demand, the Secretary generally can collect such tax by levy upon all property and rights to property belonging to such person. Pursuant to section 6331(d), the Secretary is required to give the taxpayer notice of his intent to levy and within that notice must describe the administrative review available to the taxpayer before proceeding with the levy. See also sec. 6330(a).

Section 6330(b) describes the administrative review process, providing that a taxpayer can request an Appeals hearing (section 6330 hearing) with regard to a levy notice. Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).

When the Commissioner issues a determination regarding a disputed collection action, section 6330(d) permits a taxpayer to seek review in this Court. If the underlying tax liability is properly at issue, we review that issue de novo. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181.

If the validity of the underlying tax liability is not at issue, we review the Commissioner's determination for abuse of discretion. Sego v. Commissioner, supra at 610.

We have previously held that this Court has jurisdiction in a levy proceeding instituted pursuant to section 6330(d)(1) to determine whether a taxpayer's unpaid tax liabilities were discharged in bankruptcy. Swanson v. Commissioner, 121 T.C. 111, 120-121 (2003); Washington v. Commissioner, 120 T.C. 114, 120-121 (2003). In Washington, we did not specifically address the appropriate standard of review to apply when determining whether a taxpayer's tax liabilities were discharged in bankruptcy where, as in the matter before us, the taxpayer has not received a notice of deficiency.[5] For the reasons discussed infra, our review of the evidence causes us to sustain Settlement Officer Clark's determination to proceed with collection regardless of whether we apply an abuse of discretion or a de novo standard of review. Petitioner bears the burden of proof. See Rule 142(a).

Petitioner argued that respondent erred in applying payments petitioner made pursuant to an alleged installment agreement to petitioner's 1985 tax liability because the alleged installment agreement required that respondent apply petitioner's payments to

---

[5] The record does not reveal whether, in petitioner's 1993 bankruptcy case, respondent submitted any proofs of claims for the liabilities in issue. Accordingly, Kendricks v. Commissioner, 124 T.C. 69 (2005), does not apply to the matter before us.

the years at issue.  We have jurisdiction to consider whether a payment that should have been applied to reduce the outstanding liability for a year at issue was wrongly applied to a liability for another year.  Freije v. Commissioner, 125 T.C. 14 (2005).

Petitioner failed to introduce any evidence regarding the alleged installment agreement or its terms.  If a party fails to introduce evidence within that party's possession, we may presume that, if produced, the evidence would be unfavorable to that party.  Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).  This is true where the party which does not produce the evidence has the burden of proof or the other party has established a prima facie case.  Id.  As noted supra, petitioner bears the burden of proof in the matter before us.  Accordingly, we conclude that the evidence does not establish that respondent was required to apply petitioner's $750 per month payments to his liabilities for the years at issue before applying them to his liabilities for other years.

Petitioner also argued that respondent erred by failing to apply alleged overpayments for years prior to the years in issue to reduce petitioner's liabilities for the years in issue.  See Landry v. Commissioner, 116 T.C. 60 (2001).  Petitioner, however, failed to make a timely claim for credit or refund with regard to the alleged overpayments.  See sec. 6511; Landry v. Commissioner,

supra.  Therefore, we conclude that respondent did not err in denying petitioner a credit for the alleged overpayments.  See Landry v. Commissioner, supra.

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection.

We therefore sustain respondent's determination to proceed with collection of petitioner's 1994, 1995, 1996, 1998, and 1999 income tax liabilities.

In reaching all of our holdings herein, we have considered all the parties' arguments, and, to the extent not herein discussed, we find them to be irrelevant or without merit.

To reflect the foregoing,

Decision will be entered for respondent.