T.C. Memo. 2009-224


UNITED STATES TAX COURT


DON C. LONG, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10551-07L.              Filed October 1, 2009.


Don C. Long, pro se.

Susan K. Greene, for respondent.


MEMORANDUM OPINION

COHEN, Judge:  This case was commenced in response to a
Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330.  The issue for decision is whether it
was an abuse of discretion for the Appeals conferee to refuse to
consider petitioner's challenge to his underlying tax liability

for 1981. Unless otherwise indicated, all section references are to the Internal Revenue Code.

### Background

The material facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner was a resident of Texas at the time that he filed his petition.

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 1981 on November 30, 1982. Based on third-party reporting, the Internal Revenue Service (IRS) determined a deficiency and sent a notice of deficiency to petitioner. Petitioner received the notice of deficiency but did not petition the Court to challenge the notice. On September 10, 1984, the IRS assessed additional tax of $7,395, plus additions to tax and interest for 1981 against petitioner.

On June 30, 1989, petitioner signed a waiver extending the period of limitations on a suit for collection of his 1981 liabilities to December 31, 1999. On November 12, 1996, in conjunction with an installment agreement, petitioner agreed to further extend the period of limitations to December 10, 2010.

Credits of overpaid taxes for 1984, 1985, 1986, 1988, 1989, 1990, 1991, 1993, 2001, 2002, 2003, 2004, and 2006 tax years have been applied to petitioner's account for the 1981 tax year. As of February 19, 2008, the unpaid balance of $1,444.43 on

petitioner's 1981 tax liability had grown to $36,115.28, with additions to tax, penalties, and interest.

On December 11, 2006, the IRS sent petitioner a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing. In response, petitioner requested a hearing under section 6330 by sending a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing, to the IRS. In his request for a hearing, during the telephone hearing conducted by a settlement officer, in all filings in this case, and at trial, petitioner insisted that he was unemployed during 1981 and requested proof of the earnings that the IRS relied on in sending the notice of deficiency. Petitioner also disputed the applications of his overpayments for subsequent years and questioned the remaining liability. He did not offer any collection alternatives. The settlement officer determined that petitioner was not entitled to dispute the deficiency, verified the procedural prerequisites and application of credits by reference to transcripts and analysis of petitioner's account, and sustained the proposed levy.

## Discussion

This opinion was held in abeyance while petitioner sought audit reconsideration. The records that led to the deficiency determination for 1981 are no longer available. Petitioner has now been advised that any claims for credits or refunds are

barred by the statute of limitations. He has received various transcripts and analyses that show how the penalties and interest accumulated so that the present balance is a large multiple of the original deficiency determined for 1981. Upon review of the transcripts, we see various credits for overpayments in subsequent years applied to the 1981 liability. Petitioner has not identified any unapplied credits or payments.

Petitioner has not disputed, and he ultimately stipulated, that he received a notice of deficiency and did not petition the Court with respect to his 1981 liability. We are not unsympathetic to the predicament petitioner faces as a consequence of his failure to file a petition in response to that notice and the accumulation of penalties and interest on his account over the long period of time that a portion of the original assessment for that year has remained unpaid. However, our role in this proceeding is limited by the express provisions of section 6330 that govern a taxpayer's challenges to collection action. Section 6330 generally provides that the IRS cannot proceed with the collection of taxes by way of levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the proposed levy (in the form of an IRS Office of Appeals hearing). Section 6330(c)(1) provides that the Appeals officer shall obtain verification that the requirements of any applicable law or

administrative procedure have been met. The record here supports the conclusion that proper verification by the Appeals Office occurred, and the review of records during and after trial shows no error in that portion of the determination.

During the hearing, the taxpayer may raise challenges to the existence or amount of the underlying tax liability only if he or she did not receive a statutory notice of deficiency with respect to the underlying tax liability and did not otherwise have an opportunity to dispute the liability. Sec. 6330(c)(2)(B). Although a taxpayer may also raise other issues, such as challenges to the appropriateness of collection actions and alternatives to collection, under section 6330(c)(2)(A), petitioner did not do so. Our review is limited to the issues that he raised. Giamelli v. Commissioner, 129 T.C. 107, 114 (2007); Magana v. Commissioner, 118 T.C. 488, 493 (2002). Although he raised the issue of application of overpayments for later years, credits not previously claimed are barred by the passage of time. See Landry v. Commissioner, 116 T.C. 60 (2001).

Because the underlying deficiency may not be considered, our review of the notice of determination sustaining the proposed levy is for abuse of discretion. See Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). In order to prevail, petitioner must prove that the settlement officer who conducted the hearing acted arbitrarily, capriciously, or without sound basis in fact or law.

<u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999). Nothing in the record here would justify a conclusion that the settlement officer abused her discretion. For the foregoing reasons,

<u>Decision will be entered for</u> <u>respondent</u>.