T.C. Memo. 2011-143

UNITED STATES TAX COURT

PACIFIC WEST FINANCIAL & INSURANCE COMPANY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18486-07L.               Filed June 22, 2011.

<u>Dennis L. Perez</u> and Jeff Stone (an officer), for petitioner.

<u>Karen Nicholson Sommers</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This is a section 6330(d)[1]

appeal from respondent's determinations to uphold the filing of a

Notice of Federal Tax Lien and to collect by levy Pacific West

---

[1]Section references are to the Internal Revenue Code of
1986, as amended, in effect for the relevant period.  Rule
references are to the Tax Court Rules of Practice and Procedure.

Financial & Insurance Company's (Pacific West) unpaid employment tax liability for the fourth quarter of 2003.[2] These determinations were made in a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated July 19, 2007 (the notice).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Pacific West is a California corporation.  When the petition was filed, Pacific West's principal place of business was in Anaheim Hills, California.  From the date it was organized and began conducting business in 1998, Pacific West incurred various employment tax liabilities that obligated it to file a Form 941, Employer's Quarterly Federal Tax Return, for each calendar quarter it has been in existence.  The controversy between the parties that has culminated in this proceeding has its origins in the very first Form 941 Pacific West filed.

In connection with the collection of employment tax liabilities for periods that predate the period here in question, respondent's revenue officer discovered that with the exception of the third quarter of 1999, every Form 941 previously filed had been incorrectly prepared.  Apparently, Pacific West's then bookkeeper incorrectly combined income tax and Social Security

---

[2]Pacific West also does business under the names of Nations Direct Lending and Insurance and Nations Direct, Inc.

withholdings with Pacific West's share of Social Security taxes on a single line of each Form 941. There is no dispute that these components should not have been combined and should have been reported on separate lines on the Form 941. The revenue officer required Pacific West to file a Form 941c, Supporting Statement To Correct Information, for each Form 941 incorrectly prepared, and Pacific West complied with the revenue officer's demand.

Typically each Form 941c combined a request for abatement of a portion of the tax incorrectly shown and overstated on one line of the related Form 941 with a report of an additional tax liability that should have been shown elsewhere on the related Form 941. For some quarters the request for abatement and increased tax liability shown on a Form 941c offset each other. For some quarters the result was a net abatement/overassessment; for others the Form 941c resulted in a net tax increase.

On or about November 17, 2003, Pacific West submitted a Form 941c for the first three quarters of 2003 in order to correct the mistakes made on the Forms 941 previously filed for those quarters (the 2003 Form 941c). On the 2003 Form 941c Pacific West requested an abatement of $115,460.47 and reported an additional tax liability of $124,029.62 for the second quarter of 2003. The processing of the 2003 Form 941c resulted in a net abatement of $100,080.80 for the second quarter of 2003 (the

disputed abatement), computed by an unexplained $15,379.67 additional assessment offset against the $115,460.47 abatement request. The additional $124,029.62 tax liability for the second quarter of 2003 reported on the 2003 Form 941c was not assessed at the time the form was processed.

Respondent's records show that before the 2003 Form 941c was filed, Pacific West's employment tax liability shown on the incorrectly filed Form 941 for the second quarter of 2003 had been satisfied, in fact overpaid, by the periodic deposits credited against that liability. Respondent's records also show that following the disputed abatement resulting from the 2003 Form 941c, there was an overpayment in the amount of the disputed abatement for that quarter and that overpayment was applied against Pacific West's employment tax liabilities for periods dating back to 1999.

The disputed abatement resulted in a discrepancy between Pacific West's total employment tax liability for all quarters of 2003, that is, $1,670,166.69, an amount not in dispute, and the lesser amount that respondent's records show as having been assessed for those quarters. This discrepancy was highlighted when the amount of the assessment for all quarters of 2003 was compared with information reported to the Social Security

Administration.[3]  The amount of this discrepancy ultimately resulted in a supplemental assessment made for the fourth quarter of 2003.  Pacific West does not challenge respondent's right to have made that additional assessment.[4]

OPINION

The parties agree that Pacific West's total employment tax liability for the four quarters of 2003 was $1,670,166.69. They further agree that respondent appropriately and ultimately assessed that amount.  According to Pacific West, that liability, which includes its liability for the period here in issue, has been paid.  Pacific West's claim is a challenge to the existence or the amount of the underlying liability, see Boyd v. Commissioner, 117 T.C. 127, 131 (2001); Landry v. Commissioner, 116 T.C. 60 (2001), and we review, de novo, the extent of that liability, see Boyd v. Commissioner, supra at 131; Landry v. Commissioner, supra at 62.  Had the payments/deposits originally

---

[3]The Social Security Administration (SSA) and the Internal Revenue Service (IRS) have an agreement to exchange employment tax data.  Under combined annual wage reporting (CAWR), the IRS compares the total employment tax liability reported to the SSA on a Form W-3, Transmittal of Wage and Tax Statements, to the total employment tax liability reported to the IRS.  When this reconciliation results in a discrepancy, a CAWR adjustment is appropriate, and in the case of an underpayment an additional assessment is made on the last available quarter of the relevant tax year.

[4]For a detailed discussion on this manner of assessment, see In re Howard Indus., Inc., 225 Bankr. 388, 392 (Bankr. S.D. Ohio 1997), and Internal Revenue Manual pt. 4.19.4.4 (Mar. 1, 2003).

applied against Pacific West's employment tax liability for the second quarter of 2003 not been reapplied, its claim, for the most part, would be well made. But those payments were reapplied, and we turn our attention to respondent's right to have done so.

Simple math discloses the consequences of respondent's application, or reapplication, of certain employment tax deposits made during 2003 to quarters dating back to 1999; Pacific West's 2003 employment tax liability has been underpaid in an amount equal to the reapplied deposits, and that underpayment has given rise to various penalties and interest now in dispute.

The Commissioner, of course, has broad authority to apply undesignated payments to a taxpayer's outstanding tax liabilities. Rev. Proc. 2002-26, sec. 3.02, 2002-1 C.B. 746. Furthermore, in lieu of refunding to the taxpayer taxes overpaid for one period, the Commissioner may credit that overpayment against the taxpayer's outstanding liabilities for other periods. Secs. 6402, 6512(b)(4).[5]

---

[5]The record does not disclose how the reapplied deposits were made or whether when made they were designated to be applied to any particular quarter. Arguments contained in Pacific West's brief proceed as though the reapplied payments were designated to be applied to the second quarter of 2003. The record contains no support for this assertion. We recognize that otherwise undesignated payments made with a return may be treated as a designation to be applied against the tax liability shown on that return, Hill v. United States, 263 F.2d 885, 887 (3d Cir. 1959); Hayes v. Commissioner, T.C. Memo. 2005-57; Baimbridge v. United
(continued...)

Pacific West does not challenge respondent's general authority to reapply tax payments from one period to another. Instead, relying upon the language of section 6404, Pacific West argues that none of the situations that allow for an abatement apply to the second quarter of 2003. See sec. 6404(a)(1), (2), and (3). According to Pacific West, respondent had no authority to make the disputed abatement, and therefore, according to Pacific West, there was no "overpayment" for that period that would allow for respondent's reapplication of the deposits originally applied to that quarter. Pacific West further argues that it had no outstanding employment tax liabilities for some, or many, of the periods to which the overpayment was applied.

Pacific West's argument regarding respondent's authority to have made the disputed abatement, however, fails to take into account the consequence of the 2003 Form 941c. On that document, Pacific West requests an abatement of $115,460.47. The requested abatement is offset by a supplemental assessment of $15,379.67. This supplemental assessment, although not explained, is apparently based upon items reported on the 2003 Form 941c. Netting the supplemental assessment against the request for

---

[5](...continued)

States, 335 F. Supp. 2d 1084, 1095 (S.D. Cal. 2004), but the reapplied deposits were not made with a return. Nevertheless, it seems clear that Pacific West intended, even if it did not so designate, that the reapplied deposits be credited towards its employment tax liability for the second quarter of 2003, and as noted, that is how respondent originally treated those deposits.

abatement reported on the 2003 Form 941c results in an abatement of $100,080.80.  This is the amount shown on respondent's records to have been an overpayment for the second quarter of 2003 and applied to Pacific West's employment tax liabilities for previous quarters, and this is the abatement that Pacific West argues respondent had no authority to make.

Pacific West is hardly in a position to complain that respondent had no authority to make the disputed abatement when that abatement was made in response to its own request.  Even if respondent's authority to abate is limited as Pacific West suggests, that authority has not been exceeded in this case.

The processing of the 2003 Form 941c resulted in the disputed abatement.  Arguably, at the time that form was processed an additional assessment could have been made that would have reduced or completely offset the disputed abatement, but for reasons not explained, that did not occur.  Instead, the application of routine supplemental assessment procedures resulted in an additional amount being assessed for a later quarter several months after that event.

To the extent that the period between the abatement and the supplemental assessment generated an overpayment for the second quarter of 2003, respondent was free to apply that overpayment to Pacific West's outstanding employment tax liabilities for other quarters.  We note that for some of those other quarters, Pacific

West's claims for abatement or refund are pending. Because our jurisdiction over Pacific West's employment tax liabilities for those other quarters is limited, see <u>Freije v. Commissioner</u>, 125 T.C. 14 (2005), and because the record in this case would hardly allow for an informed examination of the extent of Pacific West's employment tax liabilities for those other quarters, we think it best that Pacific West pursue whatever remedies the pending claims for abatement or refund might allow.

As best we can determine from the record, a portion of the underlying liability here in dispute is attributable to the imposition of a section 6656 penalty. The penalty apparently was imposed on account of Pacific West's failure to have made sufficient deposits to satisfy its after-the-fact determined employment tax liability for the fourth quarter of 2003.

Section 6656 imposes a penalty upon any taxpayer who fails to make certain tax deposits in a designated manner by prescribed dates unless it is shown that such failure is due to reasonable cause and not due to willful neglect. See <u>Charlotte's Office Boutique, Inc. v. Commissioner</u>, 121 T.C. 89, 109 (2003), affd. 425 F.3d 1203 (9th Cir. 2005). Proceeding as though respondent had met his burden of production with respect to the imposition of the section 6656 penalty, see sec. 7491(c), the unusual and at least partially unexplained manner in which Pacific West's employment tax liability for that period has

evolved provides sufficient basis to reject, upon the ground of reasonable cause, the imposition of a section 6656 penalty. The portion of the underlying liability attributable to a section 6656 penalty is to be abated, and it follows that respondent may not proceed with collection of that amount.

Otherwise, Pacific West does not suggest that in any other manner respondent has failed to comply with the requirements of sections 6320 and/or 6330. From our review of the record we are satisfied that respondent has satisfied those requirements. Except as relates to the portion of the underlying liability attributable to the section 6656 penalty, respondent may proceed with collection as determined in the notice.

To reflect the foregoing and to show Pacific West's outstanding employment tax liability for the relevant period,

<u>Decision will be entered under Rule 155</u>.