T.C. Memo. 2008-216

UNITED STATES TAX COURT

ELLIS AND NORMA CRUM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22607-06L.                Filed September 18, 2008.

<u>Joe Alfred Izen, Jr.</u>, for petitioner.

<u>Derek W. Kaczmarek</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  Petitioners challenge respondent's proposed
levy action relating to petitioners' approximate $133,000 in
outstanding assessed Federal income taxes for 1994 through 2002,
including additions to tax, penalties, and interest.

All section references are to the Internal Revenue Code, and
all Rule references are to the Tax Court's Rules of Practice and
Procedure.

The issue for decision is whether respondent's Appeals Office abused its discretion in concluding that petitioners' offer-in-compromise (OIC) was not acceptable because, among other things, alleged overpayments of $2,111 for 1989, $4,561 for 1991, and $6,879 for 1992 were barred by the refund period of limitations under section 6511 and not available for credit against petitioners' outstanding Federal income taxes for 1994 through 2002.

## Background

This case has been fully submitted under Rule 122. The stipulated facts are so found.

For 1989, 1991, and 1992 petitioners late filed their Federal income tax returns, and respondent prepared for petitioners substitute tax returns on which respondent determined tax balances.

Respondent mailed petitioners notices of deficiency for 1989, 1991, and 1992 reflecting the tax deficiencies, and petitioners did not respond to the notices of deficiency. On May 13, 1996, respondent assessed the tax deficiencies for 1989, 1991, and 1992.

Over the years petitioners made a number of payments to respondent, and respondent collected by levy funds that were applied against the Federal income taxes respondent had assessed against petitioners for 1989, 1991, and 1992. The last payments

and levies made that were applied against petitioners' 1989, 1991, and 1992 Federal income taxes are shown below:

| Year | Last Payment or Levy |
|------|----------------------|
| 1989 | 7/06/98 |
| 1991 | 5/05/99 |
| 1992 | 12/03/99 |

On January 15, 2004, petitioners late filed their 1994 through 2002 joint Federal income tax returns and reported the balances shown below on each respective return:

| Year | Reported Tax Balance Due |
|------|--------------------------|
| 1994 | $9,011 |
| 1995 | 3,729 |
| 1996 | 12,957 |
| 1997 | 5,172 |
| 1998 | 10,443 |
| 1999 | 2,452 |
| 2000 | 13,443 |
| 2001 | 1,541 |
| 2002 | 2,697 |

On February 22, 2005, petitioners late filed their joint Federal income tax returns for 1989, 1991, and 1992 on which they claimed the overpayments at issue herein (namely, $2,111 for 1989, $4,581 for 1991, and $6,879 for 1992). These late-filed income tax returns for 1989, 1991, and 1992 on which tax overpayments were reported constitute petitioners' claims for refund. See sec. 301.6402-3(a)(1), Proced. & Admin. Regs.

On July 18, 2005, respondent mailed to petitioners a notice of intent to levy with regard to the $133,000 balance in petitioners' Federal income taxes for 1994 through 2002.

On November 8, 2005, petitioners requested an Appeals Office collection hearing under section 6330 with regard to respondent's notice of intent to levy. In connection with petitioners' Appeals Office collection hearing, on or about February 24, 2006, petitioners submitted to respondent an OIC with regard to their outstanding Federal income taxes for 1994 through 2002.

As the basis for their OIC, petitioners alleged that they had made overpayments of their Federal income taxes for 1989, 1991, and 1992 which now should be available to offset a portion of petitioners' outstanding 1994 through 2002 Federal income tax liabilities. This was the only collection alternative petitioners suggested to respondent's proposed levy action. Also, with their OIC petitioners enclosed a $9,000 payment.

During their Appeals Office hearing, petitioners did not submit any other financial information to respondent's Appeals officer.

<u>Discussion</u>

During the Appeals Office collection hearing petitioners contended that their offer-in-compromise should be accepted because their alleged overpayments for 1989, 1991, and 1992 should be applied to their outstanding taxes for 1994 through

2002. However, under section 6402(a) the application of overpayments of a taxpayer from other years to a particular year of the taxpayer is subject to the applicable refund period of limitations.

The period of limitations applicable to petitioners' entitlement to the claimed overpayments from 1989, 1991, and 1992 is found in section 6511(a), as follows:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid * * *.

In this case the 3-year look-back period applies. Sec. 6511(a) and (b)(2)(A).

When petitioners late filed their 1989, 1991, and 1992 joint Federal income tax returns on February 22, 2005 (which as stated constituted petitioners' claims for refund at issue herein), the 3-year period provided in section 6511 had long expired, and their claimed overpayments were not available for refund or for offset against petitioners' outstanding Federal income taxes for 1994 through 2002. Accordingly, petitioners' OIC, based on unavailable claims for refund, was properly rejected by respondent's Appeals Office.

Without citing any authority petitioners argue that to the extent the overpayments for 1989, 1991, and 1992 were collected by respondent's prior levies, payment thereof should not be treated as made until petitioners had the opportunity to designate where and how the levied funds should be applied or at least until petitioners were notified of the fact of the levies and of how respondent allocated and applied the levied funds to their outstanding tax accounts and for which years.  The law is well established that funds seized by the Commissioner by way of levy are treated as paid as of the date of the levy and that as involuntarily seized funds they may be allocated by the Commissioner to a taxpayer's delinquent tax account as the Commissioner sees fit.  Secs. 6342, 6402; see <u>Landry v. Commissioner</u>, 116 T.C. 60, 62-63 (2001).

We sustain respondent's proposed levy action.[1]

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[1]The parties also raise an issue as to whether we have jurisdiction to consider the effect of petitioners' alleged overpayments in the nonsuit years (i.e., 1989, 1991, and 1992) on the appropriateness of the collection action for 1994 through 2002.  In <u>Freije v. Commissioner</u>, 125 T.C. 14 (2005), we held that we had jurisdiction to consider whether an alleged erroneous application of a payment to a nonsuit year should have been applied to the year before the Court.  Herein, we decline to reconsider <u>Freije</u>.