KEVIN PATRICK BRADY, PETITIONER *v*. COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 11146–09L.          Filed April 28, 2011.

In this sec. 6330, I.R.C., CDP case, R determined to collect
P's unpaid tax for 2005 by levy. P claims that he should be
given credit for overpayments that he made for prior tax years
that would extinguish his 2005 liability. P had previously filed
claims for refund for the prior years that R disallowed, and
P failed to file suit for refund or credit within the 2-year
period of limitations prescribed by sec. 6532, I.R.C. *Held*:
Because P did not file suit within the 2-year period prescribed
in sec. 6532, I.R.C., sec. 6514, I.R.C., bars any credit for the

alleged prior years' overpayments that might otherwise be
available to satisfy P's unpaid liability for 2005. *Held*, *further*,
R's determination to levy is sustained.

Kevin Patrick Brady, pro se.
*Anne D. Melzer* and *Kevin M. Murphy*, for respondent.

RUWE, *Judge*: The petition in this case was filed in
response to a Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330 (notice of deter-
mination). [1] We must decide whether to sustain the deter-
mination by respondent's Appeals Office to collect petitioner's
unpaid income tax liability for tax year 2005 by levy.

### FINDINGS OF FACT

At the time the petition was filed, petitioner resided in
New York.

Petitioner did not timely file an income tax return for
2005. In 2007 respondent prepared a substitute for return
and issued a notice of deficiency to petitioner for his 2005
income tax liability. Petitioner did not file a petition, and, on
March 3, 2008, respondent assessed petitioner's 2005 income
tax liability, along with additions to tax and interest.

On October 27, 2008, respondent sent to petitioner a Letter
1058, Final Notice of Intent to Levy and Notice of Your Right
to a Hearing, regarding petitioner's unpaid liability for tax
year 2005 that indicated an amount due of $18,455.65. On
November 6, 2008, respondent received from petitioner a
Form 12153, Request for a Collection Due Process or Equiva-
lent Hearing. Although the Letter 1058 pertained only to
2005, petitioner indicated on the Form 12153 that he wanted
to discuss tax years 2004 through 2006 at the collection due
process (CDP) hearing. By letter dated December 9, 2008,
respondent informed petitioner that his request for a CDP
hearing for tax year 2004 was not timely and that with
respect to tax year 2006, no notice of Federal tax lien or
intent to levy had been issued and he did not have a right
to a CDP hearing for those tax years.

In early 2009 petitioner filed his 2005 tax return, which
was accepted by the Internal Revenue Service (IRS). As a
result, much of the previously assessed tax for 2005 was

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code as
amended.

abated. (As of March 2, 2010, the balance due on petitioner's account for 2005 was $520.61.)

On April 8, 2009, a CDP hearing was held regarding the collection of petitioner's remaining unpaid 2005 tax liability. At the hearing petitioner appears to have argued that he was entitled to credits for overpayments in prior years that should be used to satisfy his 2005 liability. Petitioner's position appeared to be that he sustained a net operating loss (NOL) in each of the years 2001 and 2002 that should be carried back to 1999 and 2000, which would result in overpayments for 1999 and 2000 that should be used to satisfy his liability for 2005. Respondent's settlement officer rejected petitioner's position because his claims for overpayments had previously been considered and disallowed. Petitioner raised no other issues.

Respondent's Appeals Office sent to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 dated April 22, 2009, in which it determined to proceed with collection by levy. On May 11, 2009, petitioner filed a petition with this Court in response to the notice of determination. Petitioner asserts that the IRS should have allowed his claimed NOL carrybacks from 2001 and 2002 to 1999 and 2000 and that the resulting credits or refunds satisfy his liability for 2005.

*Previous Actions Regarding Petitioner's Claimed Overpayments for Prior Years*

Petitioner did not claim NOLs on his original 2001 and 2002 Federal income tax returns, which were each filed late. On September 2, 2004, petitioner filed amended returns for 2001 and 2002 claiming an NOL in each year and indicated that he wanted to carry the NOLs back to his taxable years 1999 and 2000 and claimed refunds for 1999 and 2000. Respondent treated petitioner's amended returns as claims for refund for 1999 and 2000 and disallowed them because respondent determined that petitioner's election to waive the normal 5-year carryback period was not timely made on his original returns for 2001 and 2002. In November 2004 respondent sent to petitioner notices disallowing petitioner's refund claims. The notices of disallowance were sent by certified mail to petitioner in care of Janine B. Knauf (Ms.

Knauf), to whom petitioner had granted a power of attorney. Ms. Knauf had prepared petitioner's amended returns for 2001 and 2002 and represented petitioner with respect to his claims. On May 8, August 15, and September 8, 2005, petitioner mailed letters to respondent protesting respondent's disallowance of the refund claims. In response to petitioner's protests, respondent sent to petitioner by certified mail another letter dated December 29, 2005, again disallowing petitioner's refund claims. [2]

Petitioner appealed respondent's disallowance of his claims for refund to respondent's Appeals Office. By letter dated February 16, 2007, the Appeals Office sustained the denial of petitioner's claims for refund and informed him that if he wished to pursue the matter further he had to file suit in either a U.S. District Court or the U.S. Court of Federal Claims "within two-years from the date on the letter denying your claim, which the Andover IRS Campus mailed to you on December 29, 2005."

On March 26, 2007, petitioner filed a suit in the U.S. District Court for the Western District of New York (District Court) against eight individuals, including the Commissioner of Internal Revenue and a U.S. District Court judge. On April 23, 2007, the District Court dismissed petitioner's entire suit for lack of jurisdiction. The District Court dismissed the claims against the individual defendants, characterizing those claims as frivolous and noting that petitioner's complaint was "nothing more than a compilation of his past grievances, pasted together in an attempt to create a portrait of a conspiracy against him to which it appears that nearly everyone who has crossed his path is a party". [3] The District Court characterized any claims petitioner was making against the IRS as "less clear", noting that petitioner

---

[2] The letter dated Dec. 29, 2005, references both tax years 2001 and 2002 in disallowing petitioner's refund claims.

[3] The District Court issued a decision and order, which begins by noting that

[Petitioner] has been previously subject to a sanction order in Civil Action No. 03–CV–6305. See *Brady v. Van Strydonck*, 93 Fed. Appx. 325 (2d Cir. 2004) (affirming the District Court's Decision and Order dated July 17, 2003). Subsequently, * * * [petitioner] has had a number of other actions dismissed (06–CV–6111, 06–CV–6112, 06–CV–6113, 06–CV–6114 and 06–CV–6134). In these cases, * * * [petitioner] was denied a certificate of appealability and the appeals dismissed because the Court of Appeals for the Second Circuit found "Appellant failed to make a substantial showing of the denial of a constitutional right." COA Docket No. 06–2246, mandate entered October 20, 2006 (consolidating cases). As a result of the sanction order, the instant action is reviewed for jurisdiction prior to the issuance of any Summonses. * * * [*Brady v. Larimer*, No. 07–CV–6164CJS(P) (W.D.N.Y. Apr. 23, 2007); fn. ref. omitted.]

appeared to argue that he qualified as a small business and that the IRS improperly refused to permit him a "'two year carryback'." The District Court noted that the bulk of petitioner's allegations stressed the adverse impact suffered because the IRS sought additional taxes rather than claims that he overpaid taxes. The District Court dismissed any claim petitioner was making against the IRS for lack of jurisdiction, stating that petitioner's "papers do not establish that he has met the conditions for jurisdiction provided by 26 U.S.C. §7422(a) or any exceptions thereto".[4] Petitioner appealed the decision of the District Court, and, on January 23, 2008, the Court of Appeals for the Second Circuit affirmed the District Court's decision and order. *Brady v. Larimer*, 262 Fed. Appx. 316 (2d Cir. 2008).

OPINION

A. *Collection Review Principles*

Section 6330(a)(1) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified the person in writing of his or her right to a hearing under this section before the levy is made. The notice must include in simple and nontechnical terms, inter alia, the right of the person to request a hearing to be held by the IRS Office of Appeals. See sec. 6330(a)(3)(B).

At the hearing the person may raise any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives. Sec. 6330(c)(2)(A). Section 6330(c)(2)(B) further provides that the person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability. Section 6330(d)(1) confers jurisdiction on the Tax Court to review the determination of the Appeals officer.

---

[4] Sec. 7422(a) specifies requirements for tax refund suits. See *infra* pp. 428–429.

## B. *The Parties' Contentions*

Petitioner's challenge to respondent's determination resurrects his refund claims. Petitioner contends that the alleged NOLs for 2001 and 2002 should be carried back to 1999 and 2000 and that the resulting overpayment credits from 1999 and 2000 should be used to satisfy his tax liability for 2005. Respondent contends that petitioner is not entitled to overpayment credits and that those previously disallowed overpayment claims are now time barred.

In certain situations we have considered taxpayers' claims that their liability for the year involved in a section 6330 collection proceeding should be eliminated by overpayments in other years. See *Freije v. Commissioner*, 125 T.C. 14 (2005); *Landry v. Commissioner*, 116 T.C. 60 (2001).[5] Assuming that it would be appropriate in this case to consider the merits of petitioner's claims of overpayments in prior years, we will first consider if those claims are now time barred.

Whether petitioner is entitled to credit against his unpaid 2005 taxes for alleged overpayments in prior years depends first on whether his overpayment claims were made within the period of limitations for making such claims. See *Landry v. Commissioner*, *supra* at 62.

## C. *Period of Limitations for Overpayment Claims*

Section 6402(a) provides:

SEC. 6402(a). GENERAL RULE.—In the case of any overpayment, the Secretary, *within the applicable period of limitations*, may credit the amount

---

[5] In *Freije v. Commissioner*, 125 T.C. 14, 26–28 (2005), we stated:

Since an "unpaid tax" is the sine qua non of the Commissioner's authority to levy, we believe a claim directed at the status of the tax as "unpaid" is a "relevant issue relating to the unpaid tax or the proposed levy". Sec. 6330(c)(2)(A). Meaningful review of a claim that a tax sought to be collected by levy has been paid, by means of a remittance or an available credit, will typically require consideration of facts and issues in nondetermination years, as those years may constitute the years to which a remittance was applied or from which a credit originated.

\* \* \* \* \* \* \*

\* \* \* [W]e hold that our jurisdiction under section 6330(d)(1)(A) encompasses consideration of facts and issues in nondetermination years where the facts and issues are relevant in evaluating a claim that an unpaid tax has been paid.

\* \* \* \* \* \* \*

\* \* \* We conclude that our jurisdiction under section 6330(d)(1)(A) extends to the consideration of facts and issues in a nondetermination year only insofar as the tax liability for that year may affect the appropriateness of the collection action for the determination year. \* \* \* [Fn. ref. omitted.]

of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d), (e), and (f) refund any balance to such person. [Emphasis added.]

"[U]nder section 6402(a) the application of overpayments of a taxpayer from other years to a particular year of the taxpayer is subject to the applicable refund period of limitations." *Crum v. Commissioner*, T.C. Memo. 2008–216. Thus, if petitioner's overpayment claims are statutorily time barred (assuming arguendo that there was an overpayment), any claim that overpayments are available as a credit to offset the 2005 tax liability would also be time barred.

The period of limitations for filing a claim for credit or refund with the IRS is found in section 6511. Petitioner's refund claims, which were made when he filed his amended 2001 and 2002 returns, were timely under section 6511, and respondent did not dispute the timeliness of those refund claims.[6] However, respondent disallowed petitioner's refund claims for other reasons.[7]

Where a taxpayer is not satisfied with the IRS' decision regarding his refund claim, the taxpayer may seek judicial relief. Section 7422(a) provides, in pertinent part:

---

[6] Sec. 6511(a) provides:

SEC. 6511(a). PERIOD OF LIMITATION ON FILING CLAIM.—Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. * * *

Sec. 6511(b)(2) provides two lookback periods to determine the limitation on the amount of a credit or refund. However, special rules apply with respect to an NOL. Sec. 6511(d)(2). The limitation period under the special rule with respect to an NOL, is as follows:

(A) PERIOD OF LIMITATION.—If the claim for credit or refund relates to an overpayment attributable to a net operating loss carryback or a capital loss carryback, in lieu of the 3-year period of limitations prescribed in subsection (a), the period shall be that period which ends 3 years after the time prescribed by law for filing the return (including extensions thereof) for the taxable year of the net operating loss or net capital loss which results in such carryback, or the period prescribed in subsection (c) in respect of such taxable year, whichever expires later.

In the case of such a claim, the amount of the credit or refund may exceed the portion of the tax paid within the period provided in subsection (b)(2) or (c), whichever is applicable, to the extent of the amount of the overpayment attributable to such carryback.

[Sec. 6511(d)(2)(A).]

Sec. 6511(c) provides special rules in the case of agreements for extensions of the period for assessing tax and is not applicable in this case.

[7] The refund claims were disallowed because respondent determined that petitioner's election to waive the normal 5-year carryback period was not timely made on his original returns for 2001 and 2002. We express no opinion on the correctness of this determination.

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Title 28 U.S.C. sec. 1346(a) (2006) provides:

(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws;

Title 28 U.S.C. sec. 1491(a)(1) (2006) provides the jurisdictional authority for such claims in the Court of Federal Claims.

A taxpayer has a limited time in which to pursue a judicial remedy for the recovery of tax paid. Section 6532(a), which addresses the limitation periods applicable to such suits, provides:

(1) GENERAL RULE.—No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, *nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates*. [Emphasis added.]

The initial notices of disallowance of petitioner's refund claims were sent to him by certified mail in November 2004. Therefore, the period for filing a refund suit would have expired in November 2006. The notices were sent to petitioner in care of petitioner's representative who had been given a power of attorney for this matter. Petitioner argues that he did not receive the IRS' November 2004 notices disallowing his refund claims. However, petitioner must have received the notices because he mailed protest letters to the IRS on May 8, August 15, and September 8, 2005, stating his

disagreement with the IRS' disallowance of his refund claims and asking for reconsideration. [8]

Petitioner acknowledged that he received respondent's subsequent notice of disallowance, which was sent to him by certified mail on December 29, 2005. He also received the letter from respondent's Appeals Office dated February 16, 2007, sustaining the denial of his refund claim. Section 6532(a)(4) addresses situations where a previously disallowed refund claim has been given reconsideration. Section 6532(a)(4) provides:

(4) RECONSIDERATION AFTER MAILING OF NOTICE.—Any consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun.

Section 6532(a)(4) makes clear that the additional consideration given by respondent did not operate to extend the period within which petitioner had to file suit. See *RHI Holdings, Inc. v. United States*, 142 F.3d 1459 (Fed. Cir. 1998); *Brach v. United States*, 98 Fed. Cl. 60 (2011); *Estate of Orlando v. United States*, 94 Fed. Cl. 286, 290 (2010) ("The two-year period runs from the date the notice of disallowance is sent and, by statute, it is not tolled by any administrative appeals.").

We note, however, that the letter from respondent's Appeals Office dated February 16, 2007, which sustained the disallowance of petitioner's claims, erroneously informed petitioner that he could file a refund suit "within two-years from the date on the letter denying your claim, which the Andover IRS Campus mailed to you on December 29, 2005." Where a taxpayer has been misled by the IRS into believing that he had additional time for filing a refund suit, there is some authority for giving the taxpayer the benefit of the additional time. See *Miller v. United States*, 500 F.2d 1007 (2d Cir. 1974); *Maiman v. IRS*, 81 AFTR 2d 98–1456, at 98–1458, 98–1 USTC par. 50,324, at 83,787 (E.D.N.Y. 1998), affd. without published opinion 182 F.3d 900 (2d Cir. 1999).

---

[8] It has been held that actual receipt of a notice of disallowance is not required so long as the notice of disallowance was mailed to the taxpayer by certified mail. See *Rosser v. United States*, 9 F.3d 1519 (11th Cir. 1993); *Maiman v. IRS*, 81 AFTR 2d 98–1456, at 98–1457, 98–1 USTC par. 50,324, at 83,786 (E.D.N.Y. 1998), affd. without published opinion 182 F.3d 900 (2d Cir. 1999).

Even if we were to assume arguendo that petitioner was misled by the Appeals Office letter or that the notices sent in November 2004 were defective and that petitioner had 2 years from the December 29, 2005, notice of disallowance in which to file a refund suit, it would be of no benefit to him. Petitioner acknowledged receiving the December 29, 2005, notice of disallowance, which was sent to him by certified mail. Petitioner did not file a valid refund suit regarding his disallowed claims for credit or refund within the 2-year period after December 29, 2005. [9] Petitioner neither requested a CDP hearing nor filed the instant proceeding within 2 years from the date of the December 29, 2005, notice. Thus, any suit or judicial proceeding challenging the disallowance of petitioner's refund claims was barred in 2008 when he requested a CDP hearing and filed his petition in this case.

Section 6514(a) provides:

SEC. 6514(a). CREDITS OR REFUNDS AFTER PERIOD OF LIMITATION.—A refund of any portion of an internal revenue tax shall be considered erroneous and a credit of any such portion shall be considered void—

* * * * * * *

(2) DISALLOWANCE OF CLAIM AND EXPIRATION OF PERIOD FOR FILING SUIT.—In the case of a claim filed within the proper time and disallowed by the Secretary, if the credit or refund was made after the expiration of the period of limitation for filing suit, unless within such period suit was begun by the taxpayer.

Section 6514 emphasizes the point that refunds and credits that do not comply with the applicable limitations period "shall be considered erroneous". *United States v. Brockamp*, 519 U.S. 347, 351 (1997). The strict terms of sections 6532 and 6514, limiting refunds or credits for overpayments, preclude the relief petitioner seeks. [10] We hold that because petitioner failed to initiate a timely judicial action to contest the disallowance of his claims for credit or refund within the period of limitations as provided in section 6532, he is now

---

[9] Whether petitioner might have subjectively intended his previously mentioned multifaceted suit in the District Court, which was filed in March 2007, to include a refund claim is irrelevant because the District Court held that petitioner failed to establish that he had met the jurisdictional requirements for a refund suit. The District Court's dismissal for lack of jurisdiction was affirmed and has become final.

[10] The parties have not cited any cases where this Court has previously considered the application of secs. 6532 and 6514 to bar the use of a credit in the context of a sec. 6330 proceeding, and this issue appears to be one of first impression.

barred by section 6514(a) from receiving any such credit toward his unpaid 2005 liability.

We hold that respondent may proceed with the collection action specified in the notice of determination. In reaching the conclusions described herein, we have considered all arguments made by petitioner, and, to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

*Decision will be entered for respondent.*