T.C. Memo. 2015-48

UNITED STATES TAX COURT

WALTER THORWALD SKALLERUP 3RD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20093-11L.                    Filed March 16, 2015.

        P petitioned for review of Appeals' determination to proceed by
lien to collect unpaid income tax liabilities.

        <u>Held</u>:  P's previous opportunities to challenge underlying tax
liabilities for all but two of the years in issue preclude our considering
underlying liabilities for those years.

        <u>Held</u>, <u>further</u>, P has failed to show that overpayments of tax
were not properly applied by R.

Walter Thorwald Skallerup 3rd, pro se.

<u>Luke D. Ortner</u>, for respondent.

**[*2]**     MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, <u>Judge</u>:  This case is before us to review a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice) issued by the Internal Revenue Service Appeals Office (Appeals).  The notice concerns petitioner's 2002, 2003, 2004, 2005, 2006, 2007, and 2008 Federal income tax liabilities, and it sustains Settlement Officer Michael Edwards' determination that a notice of Federal tax lien (NFTL) for those years should stand.  We review the notice pursuant to sections 6320(c) and 6330(d)(1).

Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times.

## FINDINGS OF FACT

Petitioner resided in New Mexico at the time he filed the petition.

On or about November 23, 2010, respondent sent to petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, which set forth petitioner's unpaid tax liabilities for the years in issue and informed him that an NFTL had been filed relating to those liabilities.  In response, petitioner timely requested a hearing under sections 6320 and 6330.  In

[*3] his request, petitioner requested "complete dismissal" of the NFTL. He objected to the filing of the NFTL on the grounds that

> [a] large Capital Loss Carryover has lawfully sheltered any and all Schedule D capital gains; and the minimal interest and dividend income on Schedule B has been lawfully sheltered by Schedule A expenses, losses and gifts etc. So for some time now there has been no reportable income on which to base or calculate annual income tax.

Petitioner further alleged that the adjustments for his tax years 2002 through 2006 were made outside the period of limitations. He also disagreed with adjustments made to his returns for 2006 and 2007, and he objected that respondent "has failed to show probable cause why such adjustments should be made (as required by the Bill of Rights to the U.S. Constitution)" with respect to tax years 2006, 2007, and 2008. Petitioner did not propose a collection alternative in his request.

By letter dated May 10, 2011, Mr. Edwards scheduled a telephone collection due process hearing for June 23, 2011. In that letter, he informed petitioner that he had been provided a prior opportunity to challenge the liabilities for 2003 and 2004 in an earlier hearing and thus could not challenge the underlying liabilities for those years during the telephone hearing. He also stated that, in order for him to consider collection alternatives, petitioner had to provide

**[*4]** him with a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.

Petitioner responded by letter dated June 15, 2011. In that letter, petitioner stated that he no longer had telephone or Internet service and would be unable to participate in the hearing at the scheduled time. He offered to participate in a hearing face to face or by correspondence. Petitioner also reiterated his disagreement with the liabilities and asserted that overpayments of tax made in the 1990s should have sufficiently covered any tax liabilities due.

Upon receiving petitioner's June 15 letter, Mr. Edwards sent petitioner another letter, dated June 23, 2011, with which he enclosed transcripts of petitioner's accounts for all the years in issue. In that letter, he informed petitioner that the claimed capital losses were duly noted on petitioner's returns and that there were no overpayments which petitioner could claim as credits against his liabilities for the years in issue. Mr. Edwards further stated that, upon review of petitioner's files, he determined that petitioner was not entitled to challenge his underlying liability for 2002 or 2005 because he had previously had an Appeals hearing during which he was afforded opportunities to challenge collection action for those years. Mr. Edwards also advised petitioner that he could submit amended returns for tax years 2006, 2007, and 2008. He enclosed with the letter a

**[\*5]** Form 433-A requesting that petitioner complete and return the Form 433-A and amended returns for the years permitted. He warned petitioner that failure to do so by July 11, 2011, would result in his closing the case and sustaining the NFTL filing.

Petitioner responded by letter dated June 30, 2011. In that letter, petitioner maintained his position that "[l]osses on the US and foreign stock exchanges * * * have resulted in a life-time record of <u>negative</u> Schedule D income." He added: "And overpayments made in the 1990's have been lawfully applied to subsequent tax years to cover what little tax is due annually, if any, on Schedule B interest and dividend income." Petitioner did not include a completed Form 433-A with his letter, nor did he submit amended returns for 2006, 2007, and 2008, as requested.

Mr. Edwards received petitioner's June 30 letter and reviewed petitioner's case file. He determined that, because petitioner had not provided any information with respect to the NFTL filing or a collection alternative, did not provide any information to establish that the NFTL should be withdrawn, and did not submit amended returns for the years requested, the filing of the NFTL should be sustained.

Petitioner had the following opportunities to challenge the underlying liabilities for tax years 2002-05 and 2007. For tax years 2002 and 2003, petitioner

[*6] received a notice of intent to levy; and, because his request for a section 6330 hearing was not timely, he received an equivalent hearing during which he had the opportunity to challenge the underlying tax liabilities for those years. Petitioner also had the opportunity to challenge his tax liabilities for 2004 and 2005 when he had a collection due process hearing following his receipt of a notice of intent to levy with respect to those years.[1] Petitioner had the opportunity to dispute the underlying liability for tax year 2007 by virtue of having received a notice of deficiency for that year.

On August 1, 2011, Appeals issued the notice, sustaining the filing of the NFTL for all the years in issue. Petitioner timely filed a petition seeking our review of respondent's determination.

OPINION

I.      Introduction

Section 6321 imposes a lien in favor of the United States on all property and property rights of a person who is liable for, and fails to pay, taxes after demand for payment has been made. The lien arises when assessment is made and

---

[1]Following that hearing, Appeals issued a notice of determination sustaining the notice of intent to levy. In response to that notice of determination, petitioner filed an untimely petition with this Court at docket No. 26188-08L. By order dated February 9, 2009, we dismissed that petition for lack of jurisdiction.

[*7] continues until the assessed liability is paid or becomes unenforceable by lapse of time.  Sec. 6322.  Section 6323 provides that the lien imposed by section 6321 is not valid against certain persons until notice of the lien is filed in accordance with the rules provided.

Section 6320(a) provides that, after the Commissioner has filed notice of the lien, the Commissioner must notify the taxpayer of the fact of filing and, among other things, the taxpayer's right to request a hearing.  If the taxpayer timely requests a hearing, the hearing is to be conducted by Appeals, and the Appeals officer conducting the hearing must verify that the requirements of any applicable law or administrative procedure have been met.  See secs. 6320(c), (b)(1), 6330(c)(1).  The taxpayer requesting the hearing may raise "any relevant issue" relating to the unpaid tax or the Commissioner's collection action.  Sec. 6330(c)(2)(A).  The taxpayer "may also raise at the hearing challenges to the existence or amount of the underlying tax liability" if the taxpayer did not receive a statutory notice of deficiency for, or did not otherwise have an opportunity to dispute, such tax liability.  Sec. 6330(c)(2)(B).

Following the hearing, the Appeals officer must determine whether the collection action is to proceed, taking into account the verification the Appeals officer has made, the issues raised by the taxpayer at the hearing, and whether the

[*8] collection action "balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3)(C). We have jurisdiction to review such determinations where the taxpayer appeals within 30 days. Sec. 6330(d)(1).

Where a taxpayer's underlying liability is properly before us, we review the underlying liability de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000). Otherwise, generally, we review Appeals' determination of the matters raised at the hearing for abuse of discretion. See Lunsford v. Commissioner, 117 T.C. 183, 185 (2001). Appeals abuses its discretion if its determination is arbitrary, capricious, or without sound basis in law or fact. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

In seeking Tax Court review of a notice of determination, the taxpayer can ask the Court to consider only an issue, including a challenge to the underlying tax liability, that was properly raised at the hearing. See sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. An issue is not properly raised if the taxpayer fails to request consideration of that issue by Appeals or if he requests consideration but fails to present evidence to Appeals concerning that issue after being given a reasonable opportunity to do so. Id.; see also Thompson v.

[*9] Commissioner, 140 T.C. 173, 178 (2013) ("A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing.").

II.    Analysis

A.    Review of Underlying Liabilities

In the petition, petitioner challenges the adjustments that respondent made to his tax liabilities, arguing that his income should have been offset by capital losses carried forward to the years in issue and that respondent should not have denied certain other deductions claimed on Schedule A, Itemized Deductions. Petitioner also contends that respondent should have applied certain overpayments of tax made during the 1990s against petitioner's unpaid tax liabilities for the years in issue.

Because petitioner had previous opportunities to challenge the underlying liabilities for tax years 2002-05 and 2007, he may not challenge those liabilities (including any period of limitations claim), and we review Appeals' determination with respect to those years for abuse of discretion. See Lunsford v. Commissioner, 117 T.C. at 185.

With respect to tax years 2006 and 2008, petitioner disagreed with the underlying liabilities in his request for a hearing, alleging that claimed losses and

**[\*10]** Schedule A deductions for 2006 and 2008 should have offset any taxable income for those years, but did not present to Mr. Edwards any evidence in support of those assertions (or his period of limitations claim for 2006). Therefore, the issues were not properly raised during petitioner's hearing, and he may not raise them here. See sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

B. Overpayments of Tax

Petitioner also alleges that Mr. Edwards failed to apply certain overpayments of tax made during previous tax years against his liabilities for the years in issue. Petitioner contends that he overpaid his taxes in the 1990s and early 2000s and that those overpayments should have been applied against his tax liabilities for the years in issue.

Section 6402(a) permits the Secretary to credit the amount of an overpayment, including any interest allowed thereon, against "any liability in respect of an internal revenue tax on the part of the person who made the overpayment". In certain situations, this Court will consider a taxpayer's claim that his liability for the year involved in a collection proceeding should be offset

**[\*11]** by overpayments for other years.[2]  See, e.g., Gould v. Commissioner, 139

T.C. 418, 464 (2012), aff'd, 552 Fed. Appx. 250 (4th Cir. 2014).

The transcripts for petitioner's accounts, upon which Mr. Edwards relied

during the conduct of the hearing, indicate that petitioner's tax payments were

properly credited to his account.  Petitioner did not claim during his hearing or at

trial, and does not claim on brief, that he made any payments other than those

credited to his accounts or that respondent applied those payments incorrectly.

Rather, he merely repeats his claim that "[g]ross overpayments were made to the

respondent in the 1990's * * * so that no additional balances remain payable to the

respondent for the years in dispute."  The record shows that Mr. Edwards

considered that claim but determined that there were no overpayments to apply.

Petitioner did not demonstrate to Mr. Edwards, and has not demonstrated to the

Court, any error in the transcripts suggesting that respondent failed to apply any

---

[2]A taxpayer's entitlement to credits against his unpaid tax for a determination year for an alleged overpayment in a prior year depends on whether he asserted his overpayment claim within the applicable period of limitations.  See Brady v. Commissioner, 136 T.C. 422, 428 (2011).  A claim for a credit or refund of an overpayment must be filed "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid."  Sec. 6511(a); see also Gould v. Commissioner, 139 T.C. 418, 464 (2012), aff'd, 552 Fed. Appx. 250 (4th Cir. 2014).

**[\*12]** available overpayments against the liabilities at issue.  There were no overpayments that could be applied against the liabilities in issue.

III.    Conclusion

The record shows that Mr. Edwards verified that the requirements of any applicable law or administrative procedure were met.  He addressed the issues petitioner raised during the hearing and determined that there were no overpayments to apply against petitioner's unpaid liabilities.  Petitioner did not properly raise any other issues.  Mr. Edwards determined that the filing of the NFTL appropriately balanced the need for the efficient collection of taxes with petitioner's concern that the collection action be no more intrusive than necessary. See sec. 6330(c)(3).  The determination to sustain the filing of the NFTL was not an abuse of discretion.

Decision will be entered

for respondent.