T.C. Summary Opinion 2020-24

UNITED STATES TAX COURT

ROBERT WILLIAM PORPORATO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5722-18S L.                    Filed August 18, 2020.


Robert William Porporato, pro se.

<u>Daniel Z. Nettles</u>, for respondent.


SUMMARY OPINION

PANUTHOS, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, subsequent section references are to the
(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In this collection due process (CDP) case petitioner seeks review, pursuant to section 6330(d)(1), of the determination by the Internal Revenue Service (IRS or respondent)[2] to uphold a notice of intent to levy to collect petitioner's 2009, 2010, and 2011 (years in issue) Federal income tax liabilities. The issues for decision are (1) whether petitioner's unpaid tax liabilities for the years in issue can be offset by claimed refund credits from other tax years and (2) whether respondent abused his discretion in determining that the collection by levy may proceed.

## Background

Some of the facts have been stipulated, and we incorporate the stipulation of facts and accompanying exhibits by this reference. Petitioner resided in California when the petition was timely filed.

---

[1](...continued)
Internal Revenue Code (Code) in effect for all relevant times. We round monetary amounts to the nearest dollar.

[2]The Court uses the term "IRS" to refer to administrative actions taken outside of these proceedings. The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

I.    Tax Returns and Payments for the Years in Issue

A.    2009

Petitioner filed a Federal income tax return for 2009 on April 22, 2010, showing tax due of $28,539. IRS records reflect withholding of $19,487. He did not pay the remaining tax due before or concurrently with filing the tax return. The IRS assessed an addition to tax for failure to pay based on the amount of tax due shown on the return. At some point before trial petitioner made two $100 payments toward his 2009 tax liability.

B.    2010

Petitioner failed to file Form 1040, U.S. Individual Income Tax Return, for tax year 2010. The IRS prepared a substitute for return (SFR) on April 21, 2014. The IRS assessed tax of $29,894 and additions to tax for failure to pay and for filing tax return after the due date. Petitioner was credited withholding of $19,734. On October 14, 2014, the IRS issued petitioner a notice of deficiency for his 2010 tax year. Petitioner did not file a petition disputing that notice of deficiency.

C.    2011

Petitioner failed to file Form 1040 for tax year 2011. In March 2014 the IRS began an examination of petitioner's tax record for the 2011 tax year and

prepared an SFR on April 14, 2014. During the IRS examination petitioner signed and returned a document to the IRS in which he agreed to tax of $22,814 and an addition to tax of $291 for late payment of tax. He was credited withholding of $21,242. Respondent also assessed an addition to tax of $354 for filing a tax return after the due date. On February 9, 2015, the IRS issued to petitioner a notice of deficiency for his 2011 tax year. Petitioner did not file a petition disputing that notice of deficiency. As of trial he had not made any payments towards his 2011 tax liability.

## II.   Notice of Intent To Levy and CDP Hearing for the Years in Issue

In sum, petitioner's unpaid tax liabilities for the tax years in issue relate to a timely filed income tax return for tax year 2009 and SFRs for tax years 2010 and 2011.[3] On July 5, 2017, respondent sent a Letter 11, Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of intent to levy), to petitioner's last known address, advising that respondent intended to levy in order to collect unpaid income tax liabilities for the years in issue. The notice of intent to levy

[3]In addition to the payments discussed, on August 17, 2016, petitioner mailed the IRS a letter with an enclosed check for $2,000. Petitioner's letter was titled "Payment in Full - Final Payment for any alleged arrearage for tax years 2005 thru 2015." Petitioner's $2,000 payment was applied to his outstanding tax liability for tax year 2008. The IRS did not agree that the payment satisfied the tax due on petitioner's account for the years in issue.

reflected a balance due of $31,162 as of July 5, 2017, consisting of $13,879 for tax year 2009, $14,578 for tax year 2010, and $2,705 for tax year 2011.

On July 28, 2017, petitioner timely filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing, with respect to the notice of intent to levy. On the Form 12153, he checked the box "Other" and wrote: "I am not liable. I have already paid. Also - Failure by IRS to respond to my legal request for discovery, explanation of changes & due process". On August 14, 2017, the IRS sent petitioner a letter informing him that his CDP hearing request for the years in issue was received. On August 15, 2017, petitioner called the IRS and asked that the case be forwarded to the IRS Office of Appeals (Appeals Office) so that he could explain why he did not owe the tax liabilities for the years in issue.[4] In a letter dated September 13, 2017, the IRS informed petitioner that his CDP request would be forwarded to the Appeals Office.

On October 5, 2017, Settlement Officer (SO) Robin Thompson, who was assigned this matter, reviewed petitioner's case file and verified that all administrative, legal, and procedural requirements were met and that the notice

---

[4]On July 1, 2019, the IRS Office of Appeals was renamed the IRS Independent Office of Appeals. See Taxpayer First Act, Pub. L. No. 116-25, sec. 1001, 133 Stat. at 983 (2019). As the events in this case predated that change, we will use the name in effect at the times relevant to this case, i.e., the Office of Appeals.

and demand for payment was properly mailed to petitioner's last known address. SO Thompson sent petitioner a letter requesting that he submit a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and the required financial information to her within 14 days and set a telephone conference for the morning of November 7, 2017. She did not receive the Form 433-A or the requested financial information.

On November 7, 2017, SO Thompson held a CDP hearing with petitioner via telephone conference as scheduled. She explained that the subject of the CDP hearing and appeal was unpaid income tax liabilities for the years in issue and that the purpose of the hearing was to confirm whether (1) the IRS had followed required procedures, (2) the collection action was appropriate, and (3) the need for efficient tax collection outweighed the intrusiveness of the collection action.

During the hearing petitioner asserted that he had not received full refunds for tax years 2005, 2012, 2013, 2014, 2015, and 2016. SO Thompson explained that petitioner had been issued a refund after filing his original tax return for tax year 2005 and that the additional tax for that year was later abated. She further explained that the transcripts showed math errors related to each of his returns for tax years 2012 through 2014 but that she did not have jurisdiction to discuss those tax years. See infra note 5. Petitioner requested that SO Thompson mail him

copies of his account transcripts for tax years 2005 through 2016. He did not make any other challenges to his underlying liabilities for the years in issue.

On November 8, 2017, SO Thompson sent a letter to petitioner requesting that he provide her with a completed copy of the Form 433-A by November 22, 2017. She also enclosed copies of petitioner's account transcripts for all of the years requested.

In a letter dated December 24, 2017, petitioner informed SO Thompson that he had received and was in the process of reviewing the transcripts provided for tax years 2005 through 2016. He stated that he had not received a Letter 433-A from the IRS and it had taken him some time to research the form. Among other issues, he asserted that he and the SO had discussed Form 3911, Taxpayer Statement Regarding Refund, during his CDP hearing to find out what had happened to the refund he was due after filing his amended tax return for tax year 2005.

Petitioner sent a second letter to SO Thompson on January 3, 2018, informing her that he had completed review of the account transcripts. His letter included a copy of his amended tax return for tax year 2005 and a letter from the IRS stating that the return was accepted. He stated that while the additional tax was removed from his transcript for that year, he had not been credited with a

$12,301 refund owed. He further asserted that he was due additional refunds for tax years 2012 and 2013 but now agreed with the amount of tax owed for tax year 2014.

Following SO Thompson's retirement, petitioner's CDP hearing was reassigned to SO Monica Coronado on January 17, 2018. SO Coronado repeated the verification procedures required under section 6330 as previously conducted by SO Thompson. SO Coronado further confirmed that petitioner did not provide the required financial information requested by SO Thompson and that no collection alternatives were recommended or agreed to during petitioner's CDP hearing. On February 16, 2018, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 of the Code with respect to the years in issue, sustaining the proposed levy action. As indicated, petitioner filed a timely petition.

III.    Petitioner's Equivalent Hearing for Tax Liability for Tax Year 2005

Petitioner filed a joint tax return with his spouse for their 2005 tax year on or about June 15, 2006. On March 22, 2007, he and his spouse separated and subsequently filed for divorce. On or about May 30, 2008, his former spouse filed an innocent spouse claim for tax year 2005. On February 9, 2009, respondent

issued petitioner a Letter 1058 (LT11), Notice of Intent to Levy and Notice of Your Right to a Hearing, for tax years 2005 and 2007.

Petitioner filed Form 12153 postmarked October 27, 2009, requesting a CDP or equivalent hearing related to tax years 2005 and 2007. He did not qualify for a CDP hearing but did qualify for an equivalent hearing under section 6330 for each tax year. SO Teshawna Woods was assigned to conduct petitioner's equivalent hearing. During petitioner's equivalent hearing for tax years 2005 and 2007, he submitted a 2005 amended tax return dated March 29, 2010. In a letter dated April 29, 2010, SO Woods informed petitioner that his amended tax return for 2005 had been accepted. After the submission of petitioner's 2005 amended tax return, respondent abated his outstanding liability for tax year 2005.

IV.    Petitioner's 2012, 2013, and 2014 Tax Years

Petitioner filed his 2012 income tax return on or about March 2, 2015. Although he claimed a refund of $1,878, he was credited with an overpayment of $814 for his 2012 tax year, which was applied to his unpaid tax liability for the 2007 tax year. He filed an amended return for tax year 2012 on or about May 1, 2017, claiming a refund of $1,878.

Petitioner filed his 2013 income tax return on or about March 2, 2015. He claimed a refund of $1,419 and was credited with an overpayment of $332 for that

year. The overpayment was applied to his unpaid tax liability for the 2007 tax year. He later filed an amended return for tax year 2013 on or about May 1, 2017, claiming a refund of $1,419.

Petitioner filed his 2014 tax return on or about April 15, 2015, claiming a refund of $5,163. He was credited an overpayment of $3,383 for that year, which was applied to his unpaid tax liability for the 2007 tax year. He filed an amended return for tax year 2014 on or about June 10, 2017.

Petitioner's administrative claims for refund for tax years 2012, 2013, and 2014 were pending when this case was submitted to the Court, and he had not filed suit with respect to his claim for refund for any of those years.[5]

## Discussion

I.    Collection Due Process

The Secretary is authorized to collect tax by levy upon property and property rights of a taxpayer liable for tax if such person fails to pay the tax within 10 days after notice and demand for payment. Sec. 6331(a). Before the Secretary

---

[5]At trial, petitioner raised the issue of "math error" notices related to his 2012, 2013, and 2014 tax years. During petitioner's CDP hearing for the years in issue (2009, 2010, 2011), SO Thompson informed petitioner that account transcripts showed that he was issued "math error" notices for his 2012, 2013, and 2014 tax years but that she did not have jurisdiction to discuss those tax years. At trial respondent explained that the transcript references to "math errors" refer to sec. 6213(g)(2), which defines the term "mathematical or clerical error".

may levy upon the taxpayer's property, the Secretary must first notify the taxpayer in writing of the intent to levy, sec. id. subsec. (d)(1), and the taxpayer's right to a CDP hearing, sec. 6330(a)(1).

If the taxpayer makes a timely request for a hearing, the hearing is conducted by the Appeals Office. Id. subsec. (b)(1). At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed collection action. Id. subsec. (c)(2)(A). Following a CDP hearing the settlement officer must determine whether to sustain the proposed levy. This Court has jurisdiction to review a CDP determination if the taxpayer timely files an appeal of the settlement officer's determination. Id. subsec. (d)(1).

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. Where the validity of a taxpayer's underlying tax liability is properly at issue, we review the IRS' determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the taxpayer's underlying liability is not properly at issue, we review the IRS' action for abuse of discretion only. Id. at 182.

Petitioner contends that SO Coronado erred in refusing to apply alleged overpayments from tax years 2005, 2012, 2013, and 2014 against those liabilities. As discussed infra, we conclude that the SO was correct in her finding that there

were no overpayments available to credit against petitioner's account for the tax years in issue. Because we would sustain her resolution of this issue under either a de novo or an abuse-of-discretion standard of review, we need not decide which standard applies. See Dixon v. Commissioner, 141 T.C. 173, 184 & n.6 (2013); Estate of Adell v. Commissioner, T.C. Memo. 2014-89, at *10-*11; Golub v. Commissioner, T.C. Memo. 2013-196, at *7. With regard to all other matters, we will review the SOs' actions for abuse of discretion.

## II.     Claimed Overpayments for 2005, 2012, 2013, and 2014

The Tax Court may review issues that were properly at issue in the CDP hearing. See Giamelli v. Commissioner, 129 T.C. 107 (2007). Our jurisdiction in CDP cases generally does not permit us to consider matters involved for nondetermination years. We may, however, consider facts and issues from other years to the extent they "are relevant in evaluating a claim that an unpaid tax has been paid." Freije v. Commissioner, 125 T.C. 14, 27 (2005). An available credit from another year is a fact that may affect the taxpayer's correct liability for the year that is the subject of the collection action. Weber v. Commissioner, 138 T.C. 348, 372 (2012). But a credit must actually exist in order to constitute an available credit. A mere claim for a credit "is not an 'available credit'" and such a claim "need not be resolved before the IRS can proceed with collection of the liability at

issue." Id.; see Del-Co W. v. Commissioner, T.C. Memo. 2015-142, at *7. Before a taxpayer can contend in a CDP case that overpayments ought to be applied to satisfy the liability at issue, he must show that he has satisfied the threshold requirements for claiming a refund. See Weber v. Commissioner, 138 T.C. at 363; Brady v. Commissioner, 136 T.C. 422, 427-431 (2011).

The Tax Court has jurisdiction to determine the proper application of overpayments or credits in a CDP case where the initial availability of the overpayment or credit has been determined or is not in dispute. See Weber v. Commissioner, 138 T.C. 348. The Court does not have jurisdiction in a CDP case to determine a taxpayer's entitlement to a refund on the merits for a nondetermination tax year. See id.; Morgan v. Commissioner, T.C. Memo. 2018-98; see also Precision Prosthetic v. Commissioner, T.C. Memo. 2013-110.

Petitioner raised the issue of seeking to apply claimed overpayments for tax years 2005, 2012, 2013, and 2014 for the years in issue. This issue was raised at the CDP hearing and also at trial. During the CDP hearing and thereafter, SOs Thompson and Coronado reviewed petitioner's account transcripts to verify whether overpayments for tax years not at issue during the hearing could be credited against his liabilities for tax years 2009 through 2011. SO Coronado

determined that petitioner did not have any readily available overpayments to credit against those liabilities.

### A. Tax Year 2005 Credit

During his CDP hearing petitioner claimed he was entitled to an overpayment for tax year 2005 and that the alleged overpayment should be applied against his outstanding tax for the years in issue. His entitlement to an overpayment credit depends on whether he made an overpayment claim within the statutory period of limitations for making such claims. See Landry v. Commissioner, 116 T.C. 60, 63 (2001). Under section 6402(a), however, the application of overpayments of a taxpayer from other years for a particular year of the taxpayer is subject to the applicable refund period of limitations. See Crum v. Commissioner, T.C. Memo. 2008-216. The statutory period of limitations for filing a claim for credit or refund is found in section 6511. See sec. 6511(a). A taxpayer must file a claim for credit or refund of an overpayment of tax within three years from the time the return was filed or two years from the time the tax was paid, whichever of such periods expires later. Id. The amount that can be refunded depends upon whether the claim is timely under the three-year or the two-year period. If the refund claim is timely under the three-year period of section 6511(a), then the refund is limited to the amounts paid within three years

before the claim.  See id. subsec. (b)(2)(A).  If the refund is timely under the two-year period in section 6511(a), then the refund is limited to the amounts paid within two years before the claim.  See id. subsec. (b)(2)(B).  Petitioner does not dispute that he filed his amended 2005 tax return and overpayment claim on March 29, 2010, more than three years after he filed his original 2005 return on July 15, 2006.  Nor has he claimed to have made any payments toward his unpaid tax liability for tax year 2005 before filing his amended return.  Therefore, his overpayment claim falls outside the statutory period of limitations under section 6511.

If a petitioner's overpayment claims are statutorily time barred, any claim that overpayments are available as a credit to offset a tax liability from another year would also be time barred.  See Brady v. Commissioner, 136 T.C. at 428.  Although we understand and sympathize with petitioner's confusion following a notification from the IRS that his 2005 amended tax return had been accepted, his overpayment claims fell outside the statutory period of limitations and therefore the claimed credit cannot be applied against his liabilities for the years in issue.

B.    Claimed Tax Year 2012, 2013, and 2014 Credits

During his CDP hearing petitioner claimed he had not received sufficient refunds for tax years 2012, 2013, and 2014, amounts which he reasoned could be applied against his liabilities for the years in issue.  This Court lacks jurisdiction to determine whether petitioner is entitled to overpayments for tax years 2012, 2013, and 2014 because the initial availability of the overpayments for those years has not been determined and is disputed by respondent.  See Weber v. Commissioner, 138 T.C. 348; Del-Co W. v. Commissioner, at *7.

At the CDP hearing petitioner did not make any other challenge to the underlying liabilities for the tax years in issue.  Therefore, the underlying liabilities for those years are not properly in issue.

III.    Abuse of Discretion

We next consider whether the Appeals Office abused its discretion in determining that the collection by levy could proceed.  See Goza v. Commissioner, 114 T.C. at 181-182.  An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law."  Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

It is well settled that it is not an abuse of discretion for the Appeals Office to sustain a proposed collection action against a taxpayer who fails to submit

requested documentation and/or financial information. Pough v. Commissioner, 135 T.C. 344, 351 (2010). The record reflects that petitioner did not provide a completed Form 433-A or copies of the financial information requested by the Appeals Office.

The record also reflects that petitioner did not request a collection alternative such as an offer-in-compromise or an installment agreement and did not submit any specific offer or propose any specific terms. The Appeals Office does not abuse its discretion in failing to consider an offer that a taxpayer never made. Huntress v. Commissioner, T.C. Memo. 2009-161, 2009 WL 1883984, at *5.

In making the determination whether to sustain the proposed levy, section 6330(c)(3) requires the settlement officer to consider: (1) whether the requirements of any applicable law or administrative procedure have been met, (2) any issues appropriately raised by the taxpayer, and (3) whether the collection actions balance the need for the efficient collection of taxes and the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. See also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). The record reflects that each SO assigned to this matter considered each of these

requirements. Therefore, we conclude that it was not an abuse of discretion to sustain the proposed collection action.

IV. Conclusion

In his pretrial memorandum and at trial petitioner purported to raise various violations of the Taxpayer Bill of Rights, including the rights to be informed, receive quality service, and receive a response in a timely manner. Although the Court can appreciate petitioner's frustration that the IRS was unable to address all of his outstanding tax years in a single CDP hearing, the IRS did not have jurisdiction to consider petitioner's concerns related to tax years other than those in issue during the hearing. Therefore, petitioner has not properly raised these issues, and we do not address them.

For the reasons stated above, we sustain the determination of the Appeals Office to proceed with the levy. We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for

respondent.